Argued and submitted December 4, 1990, the judgment of the Tax Court affirmed February 26, reconsideration denied April 16, 1991

Robert P. DETRICK,
*Appellant,*

*and*

Patty R. DETRICK,
*Plaintiff,*

*v.*

OREGON DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 2860; SC S37009)

806 P2d 682

Patricia Campbell, Salem, argued the cause for appellant. Don W. Leach, Salem, filed the briefs for appellant.

Bonni C. Canary, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

PETERSON, C. J.

## PETERSON, C. J.

The taxpayers, husband and wife, filed a complaint in the Tax Court, asserting that the Department of Revenue (the department) erroneously determined their state income taxes owing for tax years 1980 through 1983. The Tax Court ordered that the taxpayers' complaint be dismissed and "awarded damages in the amount of $1,500 pursuant to ORS 305.437, because plaintiffs' appeal is frivolous and groundless." Judgment was entered pursuant to the order, and the taxpayers appealed. We affirm.

On September 25, 1987, the department issued notices of assessment to the taxpayers regarding their personal income tax liability for the tax years 1980, 1981, 1982, and 1983. The taxpayers petitioned the department for relief on October 2, 1987. ORS 305.265(5). A hearing was held on June 7, 1988. On April 11, 1989, the department issued an opinion and order affirming the income tax assessments.

On June 6, 1989, the taxpayers filed a complaint in the Tax Court, alleging that the amount of income tax they owed is "no more than that amount shown on [their federal] amended returns of August 5, 1985, should liability exist above $-0-."

On June 22, 1989, the department answered the complaint and asked the court to affirm the department's opinion and order and to award damages pursuant to ORS 305.437 for filing a frivolous and groundless suit.

On July 1, 1989, with leave of the court, the taxpayers filed an amended complaint, which alleged further:

"(1) That the Oregon Department of Revenue could not assess or bring this issue to court prior to IRS's decision.

"(2) That the Oregon Department of Revenue arrived at plaintiff's tax assessment amounts through the assistance and use of Revenue Agent's report whose authority is derived from the Internal Revenue Code.

"(3) Plaintiffs relies [sic] on the correspondences [sic] send [sic] to various DOR employees and the Justice Department as evidence to be presented to this court."

On August 14, 1989, the *taxpayers*[1] filed a motion to "dismiss this case under ORCP 21 A(7), based on the fact that the Oregon Department of Revenue has failed to state ultimate facts sufficient to constitute a claim."

On August 25, 1989, the department answered the taxpayers' amended complaint and requested the Tax Court to affirm the opinion and order and to award damages pursuant to ORS 305.437.

On September 14, 1989, the *taxpayers* filed an amended motion to dismiss, alleging:

"(1)   Neither subject matter jurisdiction or personam jurisdiction exists in the IRC over Robert P. Detrick;

"(2)   He is a resident and citizen of the State of Oregon not a citizen of the District of Columbia, the country of Columbus aka 'United States,' the Commonwealth of Puerto Rico, or the Virgin Islands, nor of any territorial position of the 'United States' nor an alien. Those people living within the borders of the US government enclave, such as a military base and those listed above are the only people subject to the IRC and the laws of the 'United States';

"(3)   Subject matter and personal jurisdiction do not exist within the Code for the plaintiffs because he [Robert P. Detrick] has not worked as a federal employee nor has he worked on any land owned by the United States, within the State of Oregon during the years in question."

On September 14, 1989, the department filed a response to the motion to dismiss and to the amended motion to dismiss and asked that the Tax Court dismiss the case because it was frivolous.

On January 3, 1990, the Tax Court issued an order dismissing the case with prejudice and awarding damages pursuant to ORS 305.437, because the taxpayers' appeal was "frivolous and groundless." Judgment was entered thereafter, and this appeal followed.

■      The taxpayers have made two main assertions. They first assert that the department cannot issue income tax assessments against a taxpayer until the federal Internal Revenue Service has done so. (That is the contention made in

---

[1] At that time, the taxpayers had no attorney and were representing themselves.

the Tax Court.) They further assert that the taxpayers' federal "amended returns have to be accepted by [the department] as a matter of law as the properly acceptable returns to assess a tax against [the taxpayers]." (That is the main contention in this court.)

In support of their first contention — that the department cannot impose a deficiency assessment until the Internal Revenue Service has done so — the taxpayers have cited no authority. We are aware of no such requirement. Neither federal law nor Oregon statutes (ORS 314.407 *et seq*) contain any such limitation.

The taxpayers' second assertion — that the taxpayers' federal "amended returns have to be accepted by [the department] as a matter of law * * *" — also lacks merit. Even though ORS 316.007 provides that the intent of the legislature is to measure one's Oregon taxable income by using in part the provisions of the Internal Revenue Code, there is no support for the taxpayers' assertions that the entries on their federal returns bind the department, as a matter of law.[2]

The taxpayers' position in the Tax Court was entirely devoid of legal support. The Tax Court was correct in dismissing the complaint. The taxpayers' position here is equally devoid of merit.

■    We turn, then, to the damages question under ORS 305.437. Did the trial court err in imposing damages under ORS 305.437?

In 1987, to discourage the filing of frivolous or groundless tax appeals, the Legislative Assembly enacted what is now ORS 305.437. Or Laws 1987, ch 843, § 4. ORS 305.437 provides, in part:

   "Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a

---

[2] Nor does the amount entered by the taxpayer on his or her federal return have a binding effect on the Internal Revenue Service. Rather, a deficiency assessment is presumed to be correct, and the taxpayer carries the burden of establishing that the deficiency determination is incorrect. *Zell v. C.I.R.,* 763 F2d 1139, 1141-42 (10th Cir 1985) (introduction of schedule and returns showing capital losses claimed by the taxpayer failed to satisfy the taxpayer's burden of proof); *Davis v. C.I.R.,* 674 F2d 553 (6th Cir 1982) (Commissioner's determination of deficiency is presumed correct and offer of sworn tax return to substantiate claims for deductions and credits is insufficient to carry the taxpayer's burden of proof).

taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment."

This court recently interpreted a somewhat similar statute, ORS 20.105(1), which provides for the imposition of attorney fees if a party "acted in bad faith." *Mattiza v. Foster,* 311 Or 1, 803 P2d 723 (1990). The court interpreted the "bad faith" provision of the statute to require (1) that the party to whom attorney fees are to be awarded be a prevailing party, (2) that the other party's claim or defense be "meritless," and (3) that the other party be acting for an improper purpose. We defined "meritless" as a claim or defense that is "entirely devoid of factual or legal support." 311 Or at 12.

■ For damages to be imposed under the statute involved here, ORS 305.437, the proceedings must be instituted or maintained "primarily for delay" or the taxpayer's position must be found to be "frivolous" or "groundless." The Tax Court found the taxpayers' position to be both "frivolous" and "groundless."[3]

We consider whether the taxpayers' position is "groundless." Consonant with our interpretation in *Mattiza, supra,* 311 Or at 7-8, of what constitutes a "meritless" claim or defense, we interpret "groundless" to mean that the taxpayer's position be entirely devoid of factual or legal support.[4] By "entirely devoid of factual or legal support," we mean this: As to factual support, no evidence is offered that, if believed, would support a finding and a resulting judgment for the taxpayer in the Tax Court. As to legal support, there is no law — caselaw, statute, rule, or regulation — that supports the taxpayer's claim to relief in the Tax Court. *Mattiza v. Foster, supra,* 311 at 8 n 10.

---

[3] Because we hold that the taxpayers' position is "groundless," it is not necessary for us to decide whether, in addition, the proceedings were filed for delay or the position taken by the taxpayers was frivolous.

[4] Other courts have interpreted "groundless." *See Western United Realty, Inc. v. Isaacs,* 679 P2d 1063, 1069 (Colo 1984) (a claim or defense is "groundless" if the allegations in the pleading, although sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any evidence at trial); *Kahn v. Cundiff,* 533 NE2d 164, 171 (Ind App 1989) (a claim or defense is "groundless" if no facts exist that support the claim or defense relied on). *See* 18A Words and Phrases 201 (1990 Pocket Part) for additional cases.

■     In this case, the taxpayers' position is groundless because there is no legal support for either of their assertions. The taxpayers' assertions that the department must await assessment by the federal government before assessing the taxpayer and that the taxpayers' entries on their federal returns bind the department as a matter of law are, as stated, entirely devoid of factual or legal support. There is simply nothing in the statutes, rules, or caselaw to support either proposition.[5] The Tax Court had the legal authority and the factual justification for imposing the penalty it imposed.

The judgment of the Tax Court is affirmed.

---

[5] A party who acknowledges the contrary state of current law but who advances a theory of potential merit would not be advancing a position that is "groundless," even if the court rejects the theory. ORS 305.437 was not intended to discourage legitimate claims that previous interpretations of the law were erroneous. *See* DR 7-102(A)(2) ("In the lawyer's representation of a client, a lawyer shall not: (2)[k]nowingly advance a claim or defense that is unwarranted under existing law except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law."); *cf. Heino v. Harper,* 306 Or 347, 373-74, 759 P2d 253 (1988) (rule of interspousal immunity for negligent personal injury to a spouse abolished).