Argued and submitted May 3, order of the Court of Appeals awarding fees vacated
August 26, 1993

David SEELY,
*Petitioner on Review,*

*v.*

Gary Lee HANSON
and Barbara Hanson,
husband and wife,
*Respondents on Review,*

*v.*

Denise K. TUHY,
*Respondent on Review.*

(CC 88-2128; CA A64084; SC S39666)

857 P2d 121

J. Michael Alexander, of Burt, Swanson, Lathen, Alexander & McCann, Salem, filed the petition for review and argued the cause for petitioner on review.

Jeffrey M. Batchelor, of Lane Powell Spears Lubersky, Portland, argued the cause for respondents on review Hanson. With him on the response was Dan Van Thiel, Astoria.

No appearance for respondent on review Tuhy.

Kathryn H. Clarke, Portland, filed a brief in behalf of *amicus curiae* Oregon Trial Lawyers Association.

CARSON, C. J.

## CARSON, C. J.

This case concerns the application of sanctions, including reasonable expenses and attorney fees, to parties and lawyers in an appellate proceeding.

Plaintiff and defendants Hanson (hereinafter "defendants") are neighbors. Their dispute over an easement granted to plaintiff by their common grantor, defendant Tuhy, ended in litigation. The trial court re-drew the property line between plaintiff's and defendants' land and awarded plaintiff one dollar in nominal damages for defendants' continuing trespass. Plaintiff appealed, making six assignments of error. Defendants filed a respondents' brief and requested the imposition of sanctions for a bad faith appeal, citing ORS 20.105(1).[1] Plaintiff filed a reply brief, a part of which abandoned all but one assignment of error. Following oral argument, the Court of Appeals affirmed without opinion.[2] *Seely v. Hanson*, 109 Or App 220, 818 P2d 996 (1991).

After the Court of Appeals' decision, defendants filed a motion for sanctions, this time relying on ORAP 1.40(3), the rule that makes ORCP 17 applicable to appellate courts.[3] Defendants' motion requested their appellate attorney fees, a total of $11,441.72. The accompanying affidavit and memorandum asserted that all six assignments of error raised by plaintiff were without merit.

In response to defendants' motion, plaintiff contended that the motion should not have been entertained, because it relied on ORAP 1.40(3), which incorporates ORCP 17, whereas defendants' initial brief had relied solely on ORS 20.105. Plaintiff also argued for application of a different standard of review: Along with the objective test for frivolous appeals associated with ORCP 17, plaintiff argued that the subjective purpose of counsel should be considered. Moreover, plaintiff argued that the appeal had merit under either standard of review. Finally, plaintiff argued that, in a case of

---

[1] ORS 20.105(1) is set out *infra* at note 6.

[2] The correctness of that decision is not before us.

[3] ORAP 1.40(3) provides:

"Oregon Rule of Civil Procedure (ORCP) 17 is hereby adopted as a rule of appellate procedure applicable to the Supreme Court and Court of Appeals." (Footnote omitted.)

an arguably meritless appeal like this one, any sanctions assessed should be against a filing lawyer rather than against the represented party.

The Court of Appeals allowed defendants' motion. Its order provided, in its entirety:

"Respondents Hanson have moved for sanctions against [plaintiff] and his attorney under ORCP 17. The motion is allowed. Respondents are allowed attorney fees in the amount of $5,000 payable by appellant."

Plaintiff sought review,[4] based on the issues that he had raised in reply to defendants' motion for attorney fees in the Court of Appeals. *Amicus curiae* Oregon Trial Lawyers Association also urged review, asking this court to determine the applicability of ORCP 17 to appellate proceedings and to clarify standards and procedures under ORAP 1.40(3). We allowed review and now vacate the order of the Court of Appeals imposing sanctions.

■ We first answer the preliminary question: Was defendants' motion for sanctions under ORAP 1.40(3), incorporating ORCP 17, timely? Relying on ORAP 13.25(2),[5] plaintiff argues that defendants should have raised ORAP 1.40(3), as a basis for the imposition of sanctions, in their initial brief. According to plaintiff, the failure to do so renders defendants' request for sanctions untimely. We disagree. ORAP 13.25(2) applies to sanctions for specific pleadings, but ORAP 13.25(1) applies to appeals in general. Under ORAP 13.25(1), "reasonable expenses (including attorney fees) under Rule 1.40(3) and ORCP 17 C are recoverable only by petition filed within 21 days after the decision deciding the appeal or review."

---

[4] Plaintiff's counsel in the Court of Appeals withdrew after the Court of Appeals imposed a sanction, citing a conflict of interest. Plaintiff's counsel on the petition for review in this court was substituted for previous counsel.

[5] ORAP 13.25 provides:

"(1) Damages under ORS 19.160, attorney fees under ORS 20.105 and reasonable expenses (including attorney fees) under Rule 1.40(3) and ORCP 17 C are recoverable only by petition filed within 21 days after the decision deciding the appeal or review.

"(2) A motion for reasonable expenses (including attorney fees) under Rule 1.40(3) and ORCP 17 C based on the filing of a motion or thing shall be included in the answer or objection to the motion, statement of costs and disbursements or petition for attorney fees to which the motion for sanctions relates."

Defendants petitioned within 21 days of the Court of Appeals' decision; their petition was timely.

■ The main issue in this case concerns the standard for sanctions in appellate proceedings. We turn to ORCP 17. It provides, in part:

"A. Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record who is an active member of the Oregon State Bar. A party who is not represented by an attorney shall sign the pleading, motion or other paper and state the address of the party. Pleadings need not be verified or accompanied by affidavit. The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"* * * * *

"C. If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee."

ORCP 17 A, written in the conjunctive, requires two things: That the "pleading, motion or other paper" be "well grounded in fact and [be] warranted by existing law" *and* that the pleading, motion, or other paper not be "interposed for any improper purpose." ORCP 17 C provides that, "[i]f a pleading, motion or other paper is signed in violation of this rule, the court * * * shall impose * * * an appropriate sanction." Under ORCP 17 C, the failure to meet *either* requirement constitutes a violation of ORCP 17 A and justifies the imposition of a sanction.

ORCP 17, amended to its present form in 1987 (Council on Court Procedures, December 13, 1986; Or Laws

1987, ch 774, § 12) is patterned upon FRCP 11,[6] as amended in 1983 (97 FRD 165, 167 (1983)). FRCP 11 has been construed to permit imposition of a sanction *either* when there is an objective lack of merit (a so-called "frivolous claim") *or* when the person who signed the pleading, motion, or other paper had an improper purpose. *In re Grantham Brothers*, 922 F2d 1438, 1441 (9th Cir 1991); *Zaldivar v. City of Los Angeles*, 780 F2d 823, 830 (9th Cir 1986).

Plaintiff argues that we should follow the test applied in *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990). Defendants argue that we should adopt the test applied in *Wesfall v. Rust International*, 314 Or 553, 840 P2d 700 (1992), and that we should find that plaintiff's appellate brief was so meritless that any reasonable lawyer would know that the appeal was not warranted.

In *Mattiza v. Foster, supra*, this court examined ORS 20.105(1).[7] That statute permits a sanction to be imposed when the court finds that the party against whom it is imposed "willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons." ORS 20.105(1). In *Mattiza*, this court noted that the statute requires a three-step analysis. First, only the prevailing party may be awarded fees. Second, the claim must have been meritless, that is, the court must have determined that it was "entirely devoid of legal or factual support" at the time it was made. *Mattiza v. Foster, supra*, 311 Or at 8. Finally, the

---

[6] FRCP 11 provides, in part:

"The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

[7] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

meritless position must have been taken for an improper purpose. *Id*. at 9. ORS 20.105(1) sets forth three improper purposes: actions taken in bad faith, wantonly, or solely for oppressive purposes. The court stated general guidelines for assessing "bad faith":

> "The presence of bad faith may be indicated by, among other things, a purpose of delay or harassment. In rare cases, an improper purpose constituting bad faith may be inferred solely from the meritless nature of the claim, defense, or ground for appeal or review. Determining the existence of an improper purpose requires an inquiry into the subjective intent of the losing party. We conclude that, for purposes of ORS 20.105(1), 'bad faith' is the assertion of a claim, defense, or ground for appeal or review, the primary aim of which is something other than the procurement of the fair adjudication of an authentic claim." *Id*. at 10 (citations and footnote omitted).

■    In a different context, this court examined a sanction statute[8] patterned upon FRCP 11 in *Westfall v. Rust International, supra*, 314 Or at 557. In *Westfall*, this court noted the distinction between the wording of the FRCP 11-based statute that it interpreted in that case, ORS 656.390, and the wording of ORS 20.105(1), interpreted and applied in *Mattiza v. Foster, supra*. Under ORS 656.390, as under FRCP 11, sanctions may be imposed when an appeal is "frivolous" or without merit, despite a party's or counsel's good faith. This court held that an appeal is "frivolous" (without merit)

> "if every argument on appeal is one that a reasonable lawyer would know is not well grounded in fact, or that a reasonable lawyer would know is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Westfall v. Rust International, supra*, 314 Or at 559.[9]

---

[8] ORS 656.390 is part of the Workers' Compensation Law, ORS 656.001 *et seq*. ORS 656.390 permits imposition of sanctions, including payment of the prevailing party's attorney fees, when an appeal of a workers' compensation decision to the Court of Appeals or to this court is "frivolous or was filed in bad faith or for the purpose of harassment."

[9] For further discussion of this court's imposition of an objective test ("a reasonable lawyer would know") in regard to ORS 656.390, *see Westfall v. Rust International*, 314 Or 553, 557-58, 840 P2d 700 (1992) (citing federal circuit court cases interpreting FRCP 11, as amended in 1983, and concluding that ORS 656.390, like FRCP 11, establishes an objective standard of conduct).

Consonant with *Westfall v. Rust International,* *supra,* and in contrast to *Mattiza v. Foster, supra,* we conclude that, under ORCP 17, the subjective good faith of a party or a lawyer is not relevant when the imposition of the sanction is for lack of merit.

■ Turning to this case, we first address the ground of improper purpose, one of two distinct grounds under ORCP 17 and a necessary ground under ORS 20.105(1). Defendants point to no part of the record, nor do we find any, to suggest that plaintiff's primary aim was something other than the procurement of the fair adjudication of a claim.[10] Further, defendants acknowledge in their response brief in this court that they "have never argued that [plaintiff's lawyer] acted for an improper purpose." Plaintiff's appeal is not subject to sanction under a claim of improper purpose. If sanctionable at all, plaintiff's appeal must be meritless.[11] We turn to that inquiry.

■ As stated above, an appeal is meritless if

"every argument on appeal is one that a reasonable lawyer would know is not well grounded in fact, or that a reasonable lawyer would know is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Westfall v. Rust International,* *supra,* 314 Or at 559.

Plaintiff's appeal in this case was based, at least in part, upon the denial of a request for a mandatory injunction — a request

---

[10] We need not reach the issue whether sanctions for a bad faith appeal properly are assessed against a party rather than against the party's lawyer. However, we note that proposed amendments to FRCP 11 address that issue. Under the proposed rule, "monetary sanctions may not be awarded against a represented party for violation of subdivision (b)(2)." Proposed FRCP 11(c)(2)(A), Amendments to the Federal Rules of Civil Procedure and Forms, 113 S Ct CCXXII (June 1, 1993). Subdivision (b)(2) is the representation that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *Id.* at CCXIX-CCXX.

[11] As observed above, this particular claim of sanction (ORAP 1.40(3)), incorporating ORCP 17, reaches us through the procedural route of ORAP 13.25(1), following appeal, and not through ORAP 13.25(2), relating to the filing of a "motion or thing." It is the appeal itself that must be meritless, rather than a part of an appeal. We leave open the question whether a single merited claim, surrounded by a plethora of meritless claims, might be a basis for a finding of "improper purpose" under ORCP 17. *See Glick v. Koenig,* 766 F2d 265, 270 (7th Cir 1985) (where entire claim was completely without hope of succeeding, court inferred improper purpose).

for equitable relief. In such cases, the Court of Appeals is to "try the cause anew upon the record." ORS 19.125(3). From the record before us, unaided by specific findings from the Court of Appeals, *see Mattiza v. Foster, supra,* 311 Or at 10-11 (specific findings of fact by a lower court are prerequisite to meaningful appellate review of an award of attorney fees), we cannot conclude that a "reasonable lawyer" would know that the appeal was not warranted by existing law. In plaintiff's sixth assignment of error, the only assignment not withdrawn before oral argument, plaintiff asserted that the trial court should have issued an injunction requiring defendants to move posts supporting their carport from plaintiff's land so that plaintiff could use his garage. The trial judge awarded nominal damages and denied further relief, relying in large measure on the fact that defendants' carport, admittedly encroaching on plaintiff's land, was built at a time when plaintiff's garage was not in use. Plaintiff correctly pointed out that how plaintiff was using his property at the time that defendants trespassed was not relevant and should not have been relied upon as the court's basis for denying equitable relief. *See Tauscher v. Andruss,* 240 Or 304, 308, 401 P2d 40 (1965) ("An easement owner has the right not only to be free from interference with [the owner's] actual use, but also [the owner's] possible prospective uses"). Even if plaintiff's other assignments of error were meritless (and we make no inquiry in that regard), at least one argument on appeal was grounded in fact and warranted by existing law. The appeal was not devoid of merit, and sanctions were not appropriate.

The order of the Court of Appeals awarding attorney fees to defendants is vacated.