Robert R. COMBS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4398)

Oral argument on Defendant's motion for summary judgment was held October 6, 1999, in the courtroom of the Oregon Tax Court, Salem.

Robert R. Combs Plaintiff (taxpayer) argued the cause *pro se*.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered November 1, 1999.

**CARL N. BYERS, Judge.**

This matter is before the court on Defendant Department of Revenue's (the department) motion for summary judgment. Oral argument on the motion was heard October 6, 1999. Robert R. Combs (taxpayer) appeared *pro se* and James C. Wallace, Assistant Attorney General, represented the department.

Taxpayer appeals from a magistrate Decision upholding the assessment of personal income taxes for 1996. Taxpayer did not file an Oregon personal income tax return

for 1996, even though he had wage income of $28,019 and unemployment compensation of $2,408.

Taxpayer contends that wages are not "profit or gain" and that only profit or gain is taxable. Taxpayer, an iron worker by trade, admits that he is not educated in tax law. He also admits that people with tax law training, such as certified public accountants or tax attorneys, would not agree with his position.

After open discussion with the court, taxpayer remained unconvinced that his wage income is subject to personal income taxation, even though Internal Revenue Code section 61(a) provides, in part:

> "General Definition. Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:
>
> "(1) Compensation for services, including fees, commissions, fringe benefits, and similar items."

Taxpayer's position is unrealistic and uninformed. Wages are clearly taxable, and Defendant's motion for summary judgment must be granted.

Defendant's motion also requests damages under ORS 305.437(1),[1] which provides:

> "Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. Damages so awarded shall be paid within 10 days after the judgment becomes final. If the damages remain unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430."

The court holds that taxpayer's appeal is groundless and totally devoid of merit. There is no objective reasonable

---

[1] All references to the Oregon Revised Statutes are to 1995.

basis for asserting that wages or other earned compensation are not subject to personal income tax.

The court is reluctant in this case to award damages because taxpayer appears sincere, though misguided. However, such groundless appeals waste the time of the court and the administrative agency. An award of damages constitutes a message that while people may be free to express dissatisfaction with their taxes, they may not impose needless costs on the public. Because taxpayer here decided his 1996 wages were not taxable, employees of the department had to independently obtain information and assess taxes on the basis of that information. In addition to the public expenditures incurred in that process, taxpayer imposed additional unnecessary costs on the public by appealing to the court. As a result of proceedings in the Magistrate Division, the magistrate issued a written Decision clearly explaining and citing authorities that income from wages is taxable. The magistrate's Decision also found that taxpayer's appeal was frivolous. Nevertheless, taxpayer imposed additional costs on the public by appealing to the Regular Division. Stubborn steadfastness in these circumstances evidences ill will rather than any sense of rightness. In view of taxpayer's defiant attitude, and the expenses incurred by the public, the court will award the department $1,200 in damages. Now, therefore,

IT IS ORDERED that Defendant's motion for summary judgment is granted, and

IT IS FURTHER ORDERED that pursuant to the provisions of ORS 305.437, Defendant shall be awarded a money judgment against Plaintiff for damages in the amount of $1,200.