IN THE OREGON TAX COURT
REGULAR DIVISION

Jimmy L. SESMA
and Laura D. Sesma,
sui juris, natural individuals,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4551)

Jimmy L. Sesma filed a response for Plaintiffs (taxpayers) *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered April 9, 2002.

**CARL N. BYERS, Senior Judge.**

This matter is before the court on Defendant Department of Revenue's (the department) motion to dismiss Plaintiffs' (taxpayers) Complaint for failure to state a claim.[1] The

---

[1] TCR 21 A states, in relevant part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third-party claim, shall be asserted

department's motion also seeks an award of damages and attorney fees. Taxpayers, appearing *pro se*, have filed a written response in opposition to the motion.

Taxpayers appeal a Decision of the Magistrate Division. There appears to be no dispute of material fact, and the case was submitted to the magistrate on cross-motions for summary judgment. The magistrate granted the department's cross-motion for summary judgment and taxpayers appealed by filing their Complaint in the Regular Division. Because there are no facts set out in taxpayers' Complaint, the court will summarize the facts set forth in the magistrate's Decision.

Taxpayers filed Oregon personal income tax returns for 1995, 1996, and 1997. The only income mentioned in the magistrate's Decision is in a statement indicating that in 1995, taxpayers received $1,239,112 from employment and the sale of employment-related stock. Taxpayers filed amended returns for tax years 1995 and 1996, seeking refunds. The amended 1995 and 1996 returns and the original 1997 return were all filed on the theory that compensation for services is excludible from taxable income. Taxpayers apparently raised only legal issues before the magistrate.

Taxpayers' Complaint consists primarily of statements and legal arguments disagreeing with the Decision of the magistrate. The Complaint is accompanied by a brief denominated "Official Notice and Memorandum Brief in Support of Theory of No Tax Liability." The court has examined both the Complaint (20 pages) and its accompanying brief (34 pages). The court has found no statements of fact or law in either document that would constitute a claim. Taxpayers make a number of statements and arguments, the great majority of which are in error. For example, in commenting on federal income tax laws, taxpayers state "[t]here was no general income tax levied against the population at large in 1939 or since." Taxpayers' premise is that the fruits of their labor are excluded from taxation. That premise is not based on law and is clearly in error.

---

in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim * * *."

■ Based upon the above, the court finds that the department's motion to dismiss should be granted. Because taxpayers' claims are wholly legal in nature and are without foundation in law, the court will dismiss the Complaint with prejudice.[2] *See Hawkins v. Conklin*, 307 Or 262, 264, 768 P2d 66 (1988) (affirming that judgment on the pleadings is appropriate where the pleadings show that plaintiff has not stated a claim for relief).

■ The department's motion seeks both damages and attorney fees. ORS 305.437(1)[3] provides, in relevant part:

> "Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment."

The court finds that taxpayers' position in this matter is both frivolous and groundless.[4] *See Combs v. Dept. of Rev.*, 15 OTR 60 (1999), *aff'd*, 331 Or 245 (2000); *Clark v. Dept. of Rev.*, 15 OTR 197, *on recons*, 15 OTR 209 (2000), *aff'd*, 332 Or 236 (2001).

The court notes that although it is given discretion as to the amount of damages to award, it does not have discretion to deny an award. ORS 305.437(1) indicates that the court "shall" make such an award. The Magistrate Division awarded the department $2,000 in damages. This court will increase that amount to $2,500 in recognition of the additional administrative costs connected with this appeal.

■ The department also seeks attorney fees under ORS 20.105(1). That statute provides:

> "In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or

---

[2] The department also seeks to dismiss the Complaint as to the 1997 year for failure to comply with ORS 305.419(1). In view of the court's order, it is unnecessary to consider that ground.

[3] All references to the Oregon Revised Statutes (ORS) are to 1997.

[4] ORS 305.437(2) defines "frivolous" as a claim where "there was no objectively reasonable basis for asserting the position."

review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

Consistent with its finding above, the court finds, for purposes of ORS 20.105(1), that there is no objectively reasonable basis for taxpayers' claims. *See Mattiza v. Foster*, 311 Or 1, 203 P2d 723 (1990); *Detrick v. Dept. of Rev.*, 311 Or 152, 806 P2d 682 (1991). The court therefore awards the department attorney fees.

Although neither party raised the issue, the court has considered whether the legislature intended for the Oregon Tax Court to award both damages and attorney fees in the same case. The court concludes that it did. Damages appear intended to compensate the department for expenditures of resources in auditing and processing groundless claims made by taxpayers. Similarly, attorney fees appear intended to compensate the department for legal expenses incurred in litigating groundless claims. Because both statutes, ORS 20.105(1) and ORS 305.437, expressly require the Oregon Tax Court to award damages and attorney fees, the legislature must have intended for the court to make both awards in appropriate cases. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted and Plaintiffs' Complaint is dismissed with prejudice; and

IT IS FURTHER ORDERED that Defendant is awarded damages under ORS 305.437(1) in the amount of $2,500; and

IT IS FURTHER ORDERED that Defendant is awarded reasonable attorney fees under ORS 20.105(1). Defendant shall submit a detailed statement of attorney fees and costs incurred in connection with this case in accordance with TCR 68 C.