## IN THE OREGON TAX COURT
### REGULAR DIVISION

Oscar A. CROSLIN
and Gloria J. Bas,
*Adverse Parties,*
*v.*

DEPARTMENT OF REVENUE,
*Relator.*

(TC 4727)

No appearance by Adverse Parties (taxpayers).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the Petition for Alternative Writ of Mandamus for Relator (the department).

Decision rendered June 16, 2005.

**HENRY C. BREITHAUPT, Judge.**

This matter comes before the court on the Petition for Alternative Writ of Mandamus filed by Relator Department of Revenue (the department). The parties adverse to that writ, Oscar A. Croslin and Gloria J. Bas (taxpayers), have not appeared in this matter.

In the submissions it has filed, the department describes the posture of this matter as follows.[1] In the Magistrate Division, the department prevailed against the substantive claims asserted by taxpayers. The magistrate assigned to that case determined that taxpayers' claims were frivolous. As a result, the department apparently requested damages pursuant to ORS 305.437.[2] Although the magistrate acknowledged the mandatory nature of that statute and that such an award was required in that case, the magistrate nonetheless declined to assess a mandatory damage award against taxpayers because he believed that the department's actual damages were trivial. The department then filed the instant petition in this division seeking a writ ordering the magistrate to award some amount of damages pursuant to ORS 305.437.

■■ Although the department has addressed the underlying substantive rationale that it believes will afford it some relief upon the issuance of a writ, it did not address a threshold question presented by this matter: whether this court may issue such a writ given the posture of the case. As this court has stated, "[m]andamus is an extraordinary remedy." *State ex rel D.R. Johnson Lumber Co. v. Dept. of Rev.*, 14 OTR 186, 190 (1997). Pursuant to ORS chapter 34, this court has discretion to issue a writ of mandamus in certain circumstances arising under the tax laws of this state. ORS 34.110 expressly provides, however, that "[t]he writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." The issue central to this matter is whether such a remedy exists. The

---

[1] The discussion of the posture in this case is provided to lend context to the court's determination and is not a binding factual finding for purposes outside the context of this order.

[2] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

court concludes that the department's ordinary right of appeal from a magistrate's decision is such a remedy.

■■      As the Oregon Supreme Court has stated, "[a]n adequate remedy is one that affords 'any and all relief to which the relator is entitled.' " *State ex rel Anderson v. Miller*, 320 Or 316, 322, 882 P2d 1109 (1994) (quoting *State ex rel Hupp etc. Corp. v. Kanzler*, 129 Or 85, 97, 276 P2d 273 (1929)) (discussing "adequate remedy" in the discovery context). In that case, the Supreme Court noted that direct appeal—in that case from the circuit court to the Court of Appeals—is ordinarily an adequate remedy. *Id.* The Court went on to note, however, that direct appeal would not be an adequate remedy if "the relator would suffer a special loss beyond the burden of litigation." *Id.* at 323 (quoting *State ex rel Automotive Emporium v. Murchison*, 289 Or 265, 269, 611 P2d 1169 (1980)).

Here the same reasoning applies. If it desires to challenge the determination of the magistrate, the department may appeal that determination to the Regular Division. Indeed, the department has filed such an appeal in TC 4728. That appeal will provide "any and all relief to which the [department] is entitled." *Miller*, 320 Or at 322. Moreover, the department will not "suffer a special loss beyond the burden of litigation" by pursuing such an appeal because that appeal process will be essentially equivalent to that under which the department is currently proceeding—*i.e.*, the court may address the same issues upon appeal and the court may award the department the same requested relief. *Id.* at 323. The court concludes, therefore, that it may not issue an alternative writ of mandamus in this case. Now, therefore,

IT IS ORDERED that the Alternative Writ of Mandamus filed by Relator Department of Revenue is denied.