I. INTRODUCTION
This matter comes before the court for decision after trial.
 II. FACTS
Defendants (taxpayers) filed a "zero based return" for tax year 2002, indicating zero personal income and requesting a refund of all withheld Oregon income taxes. In response, Plaintiff (the department) determined taxpayers' Oregon taxable income and issued a Notice of Deficiency. Taxpayers requested a conference on the Notice of Deficiency with the department, which decided against them and issued a Notice of Tax Assessment. *Page 71 
Taxpayers appealed to the Magistrate Division of this court, arguing that wages are not taxable income. The magistrate upheld the assessment, adding that it "would be less than candid if it did not offer the observation that individuals making [taxpayers'] arguments have never been successful on appeal, and often find themselves burdened at the conclusion of litigation with paying [the department] damages and attorney fees." However, the magistrate did not find taxpayers' arguments frivolous or award the department damages under ORS 305.437, as the department had requested.[1] The department then moved to obtain an award of damages under that statute. In response, the magistrate issued an order finding taxpayers' arguments frivolous and recognizing the mandatory nature of ORS 305.437, but ultimately declaring the department's "actual damages * * * trivial" because the court had made "economical use of its resources" and the department's participation had been minimal. Accordingly, the magistrate, "[u]nder the thinking that any award would be de minimus," denied the department damages.[2]
The department appealed to the Regular Division of this court, requesting that the case be remanded to the Magistrate Division for an award of damages under ORS 305.437 based on the magistrate's finding that taxpayers' arguments were frivolous; that the measure of the award not be limited to the department's actual damages; and that the department have an opportunity to present evidence as to its damages.[3] In their Answer, taxpayers stated that they had, in good faith, submitted to the magistrate "written materials which reinforced their position as to taxable wages," and that, based on those materials, they had never believed that their position was frivolous. Taxpayers also requested *Page 72 
remand to the Magistrate Division with instructions that taxpayers "must be granted an opportunity to present evidence to support the validity of their position."
The department then moved for summary judgment, requesting that the court affirm the department's determination of taxpayers' tax liability, find taxpayers' position frivolous, and grant the department damages under ORS 305.437. In response to the department's motion, taxpayers continued to assert that their wages were not income subject to taxation by the State of Oregon. The court denied the department's motion because the relief the department sought therein was different from the relief it had sought in its Complaint. See Snyder v. Pynn, 50 Or App 449,454, 623 P2d 1090 (1981) ("It is true that a party must recover, if at all, on the allegations of the complaint and not on a new or different issue first introduced into the case in the summary judgment motion."). However, the court granted the department's subsequent motion for leave to amend its complaint. In its Amended Complaint, the department sought the relief it had requested in its motion for summary judgment. In their Answer, taxpayers repeated the arguments they had made in their response to the department's motion for summary judgment.
Through all of the foregoing proceedings, taxpayers represented themselves pro se. After filing their Answer to the department's Amended Complaint, however, they obtained counsel. Shortly thereafter, and on the eve of trial, taxpayers moved to withdraw the complaint they had filed in the Magistrate Division, as well as their objections to the Notice of Deficiency and Notice of Tax Assessment. That motion was made "for the reason and upon the ground, that plaintiff-taxpayers have accepted, and do now accept, the deficiency assessment and the ruling of the Magistrate Division," and because taxpayers had paid in full the deficiency and related penalty and interest charges. In a Memorandum of Law supporting their motion, but not filed until after trial, taxpayers "stipulated that the substantive position that they had previously maintained with respect to the nature of wages as taxable income was without an objectively *Page 73 
reasonable basis."[4] The court denied taxpayers' motion because the Regular Division lacks the authority to order or allow the withdrawal of complaints and objections filed in separate proceedings in the Magistrate Division or before the department. Proceedings in the Regular Division are de novo and independent of any proceedings before the department or a magistrate. ORS 305.425. Once a case is commenced in the Regular Division, actions taken by the parties in prior proceedings are frozen in time, whether they have any effect on the Regular Division case or not.
At trial and in post-trial briefing, taxpayers again admitted that the department's deficiency assessment was correct, that they have paid all taxes, penalties, and interest owed the department, and that the position they had taken in the Magistrate Division was frivolous. Taxpayers also admitted, after initially denying, that they took the same frivolous position in this division.[5] However, taxpayers argue that they are not liable to the department for damages under ORS 305.437
because they did not institute or maintain the proceedings in this division. Alternatively, taxpayers argue that the department is entitled only to its actual damages, as proven at trial. The department submitted evidence that it had paid approximately $285 to two employees who were not attorneys but who had handled the case in the Magistrate *Page 74 
Division. Taxpayers stipulated to that amount. The department, however, argues that the existence of that amount does not preclude the court from awarding damages in a greater amount for the proceedings in the Magistrate Division and in an additional amount for the proceedings in this division. Finally, the department requests attorney fees under ORS 20.105. Taxpayers oppose that request.
 III. ISSUES
1. Are taxpayers liable to the department for damages under ORS305.437?
2. If taxpayers are liable to the department for damages under ORS 305.437, what is the proper measure of those damages?
3. Are taxpayers liable to the department for attorney fees under ORS 20.105?
 IV. ANALYSIS
A. Liability for damages under ORS 305.437
ORS 305.437 provides:
 "(1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. Damages so awarded shall be paid within 10 days after the judgment becomes final. If the damages remain unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430.
 "(2) As used in this section, a taxpayer's position is `frivolous' if there was no objectively reasonable basis for asserting the position."
(Emphasis added.)
1. In the Magistrate Division, taxpayers took the position that wages are not income subject to taxation by the State of Oregon. The magistrate was correct to find that position frivolous. SeeChristenson v. Dept. of Rev., 18 OTR 269 *Page 75 
(2005); Clark v. Dept. of Rev., 332 Or 236, 26 P3d 821 (2001) (same). Accordingly, the magistrate should have awarded the department damages under ORS 305.437. See Croslin v. Dept. ofRev., 18 OTR 296, 297 (2005) (noting the "mandatory nature" of ORS 305.437); Sesma v. Dept. of Rev., 16 OTR 29, 31 (2002) ("The court notes that although it is given discretion as to the amount of damages to award, it does not have discretion to deny an award."). The magistrate committed error when he failed to do so.
In an attempt to obtain the damages to which it was entitled, the department appealed to this division. Taxpayers could have agreed that the department was entitled to damages and requested that the amount of those damages be small. They also could have settled with the department on an amount of damages and ended the case. Either way, this court's resources and those of the department would not have been wasted, but the magistrate's error would have been corrected at the least possible cost. Additionally, taxpayers would have been able to avoid an award of damages under ORS 305.437 for the proceedings in this division because they would not have taken a frivolous position here.[6] Instead, taxpayers continued to argue their position that wages are not taxable income; in so doing, they exposed themselves to further damages under ORS 305.437. They also exposed themselves to potential liability for the department's reasonable attorney fees under ORS 20.105, an issue discussed below.[7]
Once taxpayers obtained counsel, they finally admitted that their arguments in the Magistrate Division had been frivolous. That was only of limited help, however, because "[l]itigants may not attempt to extend the white flag of surrender at the eleventh hour in order to stave off an award of attorney fees and damages." Masse v. Dept. of Rev., *Page 76 18 OTR 240, 253 (2005). Moreover, taxpayers and their counsel continued to defend their case. Indeed, taxpayers and their counsel made things worse by initially denying that they had argued in this division that wages are not income.
At this point, taxpayers continue to make several statutory arguments regarding whether damages should be awarded against them for the proceedings in this division, and how any award of damages should be measured. First, taxpayers argue that they are not liable for damages under ORS 305.437 with respect to the claims they made in the Regular Division because they did not institute or maintain the current proceeding.[8] Taxpayers argue that the qualifier "such proceeding" in the clause "or that the taxpayer's position in such proceeding is frivolous or groundless" refers only to proceedings instituted or maintained by a taxpayer and not to all proceedings before the court. Taxpayers' argument is not only unconvincing, it is frivolous itself.
Statutes must be construed according to the framework set out in PGE v. Bureau of Labor and Industries, 317 Or 606,859 P2d 1143 (1993). If the text and context of a statute make its meaning clear, then the court's inquiry is at an end. Id.
at 610-12. Here, the words "or" and "that" in the first sentence of ORS 305.437(1) make clear that the statute establishes two instances in which damages must be awarded: first, "[w]henever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay;" and second, when "the taxpayer's position in such proceeding is frivolous or groundless."
2. The phrase "such proceeding" must be read to mean all proceedings before the court, and not, as taxpayer suggests, only those proceedings which are instituted or maintained by a taxpayer. If taxpayer were correct, one would *Page 77 
expect the phrase "instituted or maintained by a taxpayer" to qualify the phrase "proceedings before [the court]," such that, together, they constituted one noun to which the later phrase "such proceeding" could refer. That might be the case, for instance, if there were a comma between the two phrases. Instead, there is a verb "have been" — which indicates that neither phrase qualifies the other and that the two phrases do not join to constitute one noun which might take the verb. Moreover, the words "instituted" and "maintained," instead of qualifying the noun, are parts of the verb, or, more accurately, join with "have been" to comprise two different verbs "have been instituted" and "have been maintained." Accordingly, the phrase "such proceeding" can refer only to the noun "proceedings before [the court]," which must include all proceedings before the court, regardless of which party institutes or maintains them.
3, 4. In short, ORS 305.437 contemplates damages in two kinds of proceedings: those which taxpayers institute or maintain primarily for delay, and those in which taxpayers take frivolous or groundless positions. See Detrick v. Dept. of Rev.,311 Or 152, 157, 806 P2d 682 (1991) ("For damages to be imposed under the statute involved here, ORS 305.437, the proceedings must be instituted or maintained `primarily for delay' or the taxpayer's position must be found to be `frivolous' or `groundless.'"); seealso Stephens v. Bohlman, 314 Or 344, 350, 838 P2d 600 (1992) ("When [the Supreme Court] interprets a statute, that interpretation becomes part of the statute as if written into it at the time of its enactment."). The present case is admittedly an example of the latter. It therefore does not matter that taxpayers did not institute the present case in the Regular Division; because they took a frivolous position in it, they are liable for damages under ORS 305.437 regardless of which party instituted or maintained the action.
In support of their argument regarding the meaning of the phrase "such proceeding," taxpayers cite no authority other than the rule of the last antecedent. See State v. Webb, 324 Or 380,386-88, 927 P2d 79 (1997) (describing the rule). The court finds it abundantly clear that that rule does not apply to the construction of the phrase "such proceeding." See id. The court also finds that the meaning of ORS 305.437 on *Page 78 
this point is obvious given a rudimentary understanding of English grammar. The only other reasoning taxpayers offer for their reading of the statute is that prior cases awarding the department damages under ORS 305.437 involved appeals by taxpayers whereas this case involves an appeal by the department.[9] Taxpayers fail, however, to offer any logical or legal analysis as to why that should alter the plain meaning of the statute. Accordingly, the court finds frivolous taxpayers' position that they are not liable for damages under ORS 305.437 because they did not institute or maintain the proceedings in the Regular Division.
B. Measurement of damages under ORS 305.437
Taxpayers argue that damages under ORS 305.437 are limited to those damages which the department can prove: in this case, $285 for the proceedings in the Magistrate Division. In their post-trial brief, however, taxpayers cite nothing to support that proposition. Nor can any authority for it be found in the decision of the magistrate, which encouraged taxpayers' argument even if it did not support it explicitly.
In Combs v. Dept. of Rev., 15 OTR 60, 62 (1999) (Combs I),aff'd, 331 Or 245, 14 P3d 584 (2000) (Combs II), this court described ORS 305.437 as serving three primary purposes: punishment, deterrence, and compensation. In the first instance, damages awarded under the statute serve to punish taxpayers who waste the resources of the court and of opposing parties whether through "[s]tubborn steadfastness," "ill will," or a "defiant attitude." Combs I, 15 OTR at 62; see also Combs II,331 Or at 248 (holding that damages under ORS 305.437 were warranted where the "taxpayer had *Page 79 
wasted the time and resources of the department and the Tax Court by asserting his frivolous position."). Second, damages under ORS305.437 also serve to deter other taxpayers who might otherwise be tempted to make the same frivolous arguments and waste yet more public resources. See Combs I, 15 OTR at 62 ("An award of damages constitutes a message that while people may be free to express dissatisfaction with their taxes, they may not impose needless costs on the public."); Detrick, 311 Or at 156
(stating that the legislative intent behind ORS 305.437 was "to discourage the filing of frivolous or groundless tax appeals").
Finally, damages serve as a form of public compensation. SeeCombs I, 15 OTR at 62 ("In view of * * * the expenses incurred by the public, the court will award the department $1,200 in damages."); Sesma, 16 OTR at 32 ("Damages appear intended to compensate the department for expenditures of resources in auditing and processing groundless claims made by taxpayers."). In one sense, damages under the statute cannot truly be considered compensatory because they are limited to $5,000 and therefore cannot compensate the department for greater losses,see Black's Law Dictionary 394 (7th ed 1999) (defining compensatory damages as "[d]amages sufficient in amount to indemnify the injured person for the loss suffered"), and because they can be awarded only to the department and therefore cannot compensate the court, a county, or the public generally for their losses. See Newton v. Clackamas County Assessor, 18 OTR 389,392 n. 2 (2006) ("[T]he text and context of ORS 305.437 make clear that the statute allows the court to award damages only to the department."). In another sense, however, the damages can make up for at least some of the resources wasted by the department in needing to refute a taxpayer's frivolous arguments.[10]
5, 6. Taxpayers, in their Memorandum of Law, argue that, despite Combs II, damages under ORS 305.437 are limited to *Page 80 
actual compensatory damages, because ORS 305.425(3) requires the court to conform its rules "as far as practical to the rules of equity practice and procedure in this state."[11] ORS305.425(3), however, applies only to the Tax Court Rules, and not to the court's interpretation of ORS 305.437, as is obvious from the text of both statutes and general legal principles. SeePGE, 317 Or at 610-13 (laying out framework for statutory interpretation). Moreover, it is clear that ORS 305.437 serves multiple purposes, only one of which is compensation. Neither a close reading of the statutory text nor of the precedent construing it is required to see that damages awarded under ORS305.437 entail no pleading or proof requirements. But for the magistrate's decision in this case, which provided support for taxpayer's argument, but which was directly contrary to CombsII and Sesma and which provided no support for its conclusion, the court would find taxpayers' position frivolous.[12]
Nonetheless, because taxpayers might have relied on statements in the magistrate's decision relating to the proper measure of damages, the court does not consider their position frivolous, although it is wrong. See Masse, 18 OTR at 251-52 (finding a taxpayer's position not frivolous where the taxpayer, without knowing better, relied on lapses and failures by the magistrate).
C. Award of Attorney Fees under ORS 20.105
Under ORS 20.105, the court must award the department reasonable attorney fees where the department is the prevailing party and "there was no objectively reasonable basis for [taxpayers] asserting the claim, defense or ground for appeal." Here, the department is the prevailing party and taxpayers have asserted claims that lacked an *Page 81 
objectively reasonable basis.[13] See Patton I v. Dept. ofRev., 18 OTR 111, 126 (2004) (defining as objectively unreasonable a claim that is "entirely devoid of legal or factual support at the time it was made" (citation and quotation marks omitted)); see also Patton II v. Dept. of Rev., 18 OTR 256
(2005) (defining the concept further). Although the court assesses the objective reasonableness of a party's claims "on an ongoing basis," Patton II, 18 OTR at 259, it is clear in this case that taxpayers continued to make frivolous arguments even after they obtained counsel. Indeed, all of the arguments taxpayers have made in this case, in both divisions, are frivolous except their argument regarding the measure of damages under ORS 305.437.
This court held in Patton II that "[a] nonprevailing party may completely avoid an award of attorney fees if, throughout the proceedings, even one claim, defense, or ground for appeal is warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law. Seelyv. Hanson, 317 Or 476, 484, 857 P2d 121 (1993)." 18 OTR at 262. That statement could be read as precluding an award of attorney fees where, as here, a nonprevailing party who made only frivolous arguments throughout most of the proceedings, takes even one nonfrivolous position at some point before the case is closed. That would, however, be a misreading of Patton II.
7. Under ORS 20.105, the words "claim, defense or ground for appeal" do not have their ordinary meanings, but rather their legal meanings. See Tharp v. PSRB, 338 Or 413, 423, 110 P3d 103
(2005) (holding that terms of art are not to be interpreted according to their ordinary meaning, but rather according to their technical meaning). The word *Page 82 
"claim," for instance, does not refer to any argument a party makes, see, e.g., Websters Third New Int'l Dictionary 414 (unabridged ed 2002) (defining "claim" as "4: to assert esp. with conviction and in the face of possible contradiction or doubt"), but rather to the specific claims a party makes in the pleadings,see Black's Law Dictionary 240 (7th ed 1999) (defining "claim" as "1. The aggregate of operative facts giving rise to a right enforceable by a court"). That understanding of ORS 20.105, and of the statement in Patton II, is confirmed by Seely, in which the Supreme Court focused on the arguments that the party had made in his assignments of error, and not on any arguments made during subsequent briefing or at oral argument. See317 Or at 483 (holding that "an appeal is meritless if `every argument on appeal [is meritless]'" (quoting Westfall v. RustInternational, 314 Or 553, 559, 840 P2d 700 (1992))); id.
at 484 ("Even if plaintiff's other assignments of error were meritless (and we make no inquiry in that regard), at least one argument on appeal was grounded in fact and warranted by existing law."). Although the Supreme Court in Seely construed ORS20.105 in the context of an appeal, with assignments of error, briefing, and oral argument, the situation can be analogized to proceedings in this court, with initial pleadings, subsequent filings, and, ultimately, trial or oral argument. Accordingly, if a party is to rely on a nonfrivolous claim to avoid an award of attorney fees, that claim must be asserted "throughout the proceedings," Patton II, 18 OTR at 262, that is, it must at least be made in the pleadings.
8. Just as "[l]itigants may not attempt to extend the white flag of surrender at the eleventh hour in order to stave off an award of attorney fees," Masse, 18 OTR at 253, neither may they avoid an award of attorney fees simply by throwing a nonfrivolous argument into the mix at the last minute. See Patton II,18 OTR at 264 n 10 (stating that "makeweight" arguments will not release a party from liability for attorney fees). In short, those parties, such as taxpayers, who assert only frivolous claims or defenses in their pleadings and thereby cause other litigants to incur attorney fees in response, cannot avoid an award of attorney fees under ORS 20.105 by introducing at some later point, for the first time, a *Page 83 
nonfrivolous argument. Taxpayers are liable to the department for its reasonable attorney fees.
 V. CONCLUSION
The court concludes that taxpayers have asserted frivolous and objectively unreasonable claims in this case, for which damages under ORS 305.437 and reasonable attorney fees under ORS 20.105
are required. Now, therefore,
IT IS DECIDED that Defendants' claims are frivolous and objectively unreasonable; and
IT IS ORDERED that Defendants shall pay Plaintiff $1000 in damages under ORS 305.437; and
IT IS FURTHER ORDERED that Defendants shall pay Plaintiff's reasonable attorney fees.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2001 edition.
[2] Unfortunately, those statements, which implicate questions of both law and fact, were made without citation to any source of law and without the benefit of any hearing for receipt of evidence and determination of fact. Indeed, it is not clear what, if any, evidence taxpayers were allowed to present in the Magistrate Division; the case was decided based on written submissions and a brief hearing.
[3] At the same time that the department filed its Complaint in the Regular Division, it also filed a Petition for Alternative Writ of Mandamus regarding the same issues. The court denied the department's petition in Croslin v. Dept. of Rev., 18 OTR 296
(2005).
[4] Taxpayers also admitted that they had "instituted and maintained the proceedings before the Magistrate Division and clearly their position in the Magistrate Division was frivolous."
[5] In taxpayer's Memorandum of Law, they took a seemingly inconsistent position. On the one hand, they argued that they had not taken the position in this division that wages are not income, but had, instead, merely fallen victims to a knee-jerk, defensive reaction and taken a different frivolous position: "that the arguments in the Magistrate Division were not frivolous." On the other hand, taxpayers admitted that "each time Taxpayers later repeated the assertion that wages are not taxable, in one or more of its many variants, it was equally frivolous or groundless before the Regular Division as it had been before the Magistrate."
Then, in taxpayers' Reply Memorandum, they "stipulated that any claim made in the Magistrate or Regular division by them, that wages are not taxable income, was without basis in law or fact." The court reads that stipulation as a retraction of taxpayers' earlier argument, that they had not argued in this division that wages are not income, and as a statement that taxpayers did, in fact, take that position here. Even if taxpayers did not intend that meaning in their stipulation, the court finds, based on a review of their pleadings and submissions, that taxpayers did argue in this division that wages are not income.
[6] Taxpayers also could have argued here that the amount of damages to which the department is entitled is zero, given that the magistrate found the department's actual damages to be deminimus. That argument, while it would have been wrong, seeSesma, 16 OTR at 31, would probably not have been frivolous because taxpayers would have been relying on the decision of the magistrate. Cf. Masse v. Dept. of Rev., 18 OTR 240, 252 (2005) (holding that a taxpayer's position taken in innocent reliance on the actions and decisions of a magistrate is not frivolous).
[7] It is ironic that the action of the magistrate in this matter, in an apparent attempt to save taxpayers from an award of damages, in fact exposed taxpayers to greater liability for damages.
[8] Taxpayers are correct in arguing that, for purposes of ORS305.437, the proceedings in this case in the Magistrate Division are distinct from the current proceedings in the Regular Division. The two proceedings have different case numbers and the proceeding in the Regular Division is an appeal from a final decision in the Magistrate Division. This is not a case where a proceeding in the Magistrate Division was specially designated for hearing in the Regular Division, and the court makes no statement on what effect that fact might have on the analysis of whether there are two proceedings in a case or one for purposes of ORS 305.437.
[9] Taxpayers are correct in noting the unusual nature of this case, where the department appeals from a magistrate decision finding taxpayers' position frivolous. In most cases involving frivolous claims such as the one taxpayers made in the Magistrate Division, the taxpayer is the one who appeals to the Regular Division. See, e.g., Christenson, 18 OTR at 272. What makes this case odd is that the magistrate failed to award the department damages despite the "mandatory nature" of ORS 305.437.Croslin, 18 OTR at 297. That the department needed to appeal to this division to obtain the damages to which it is entitled, however, has no bearing on whether the department is entitled to the damages for which taxpayers made themselves liable in this division.
[10] That is not to mean, however, that the department should offer, or the court should accept, evidence as to damages. There is no indication that ORS 305.437 contemplates the court's taking of evidence regarding damages. Moreover, damages under ORS305.437 are not a substitute for attorney fees. See Sesma,16 OTR at 32 (describing the different purposes behind ORS 305.437
and ORS 20.105).
[11] Taxpayers also argue that such a construction "may well be required to make the statute constitutionally valid." Taxpayers, however, cite no constitutional provision that might be violated by construing damages under ORS 305.437 to comprise something other than actual damages.
[12] Although "[a] party who acknowledges the contrary state of current law but who advances a theory of potential merit would not be advancing a position that is `groundless,' even if the court rejects the theory," Detrick, 311 Or at 158 n 5, taxpayers in this case advance a theory of no merit. Other than the magistrate's decision, there is no factual or legal support, such as evidence, case law, a statute, a rule, or a regulation, for taxpayers' contentions. Id. at 157 (defining a groundless claim as "entirely devoid of factual or legal support").
[13] Taxpayers contend that, although their position was objectively unreasonable, they did not "assert" it as required by ORS 20.105. To assert is "to state or affirm positively, assuredly, plainly, or strongly." Webster's Third New Int'lDictionary 131 (unabridged ed 2002). Taxpayers' contention consists of nothing more than their belief that "their activities in the [R]egular [D]ivision do not, in fairness and equity, rise to the level of asserting a claim or defense within the meaning of ORS 20.150." Taxpayers' contention is frivolous; perhaps that is why they make no further argument in support of it. The focus of the term "assert" in the statute is not on the ferventness with which a claim is made, but rather on its being made at all. For purposes of ORS 20.150, the mere utterance of a claim is an assertion of it. *Page 84