Argued October 8, affirmed October 22, petition for rehearing
denied November 15, 1973, petition for review denied
January 15, 1974

PHILLIPS, *Appellant, v.* LAYMAN, *Respondent.*
514 P2d 1352

*Kenneth A. Holmes,* Salem, argued the cause for appellant. With him on the briefs was Harold W. Adams, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

This is an appeal by petitioner from a judgment on the pleadings which arose from a mandamus proceeding in the circuit court.

On May 10, 1972, the acting Real Estate Commissioner issued a notice of hearing under ORS 696.120 (2) at which petitioner was directed to appear and show cause why her real estate broker's license should not be suspended or revoked, based on charges of violation of ORS 696.300 (1) (a) and (h).

The petitioner and her counsel appeared at the time and place set for the hearing on August 17, 1972, and presented a motion to quash service of the notice. The motion was denied and the commissioner proceeded to hold the hearing. No appeal was taken from his final order.

Petitioner then petitioned the circuit court for an alternative writ of mandamus directing the commissioner to quash service of the notice of hearing or to show cause why not. The alternative writ issued. The commissioner answered and moved for judgment on the pleadings.

The court below issued judgment on the pleadings

for the defendant on the grounds that the defendant had acted within his statutory authority under ORS 696.300 and that mandamus does not lie because petitioner had a plain, speedy and adequate remedy at law. We affirm.

Under ORS 183.480 of the Administrative Procedures Act of 1971, any person affected or aggrieved by an administrative order in a contested case is entitled to judicial review by appeal to the Court of Appeals. Had petitioner chosen to pursue an appeal in the orderly method which the law provides instead of proceeding collaterally by mandamus, this matter could have been fully and fairly litigated months ago.

██ Petitioner claims that she would have suffered irreparable injury had the Real Estate Commissioner proceeded to exercise his power to summon witnesses and hear testimony. In argument, counsel indicated that petitioner would have been subjected to a "star chamber proceeding" and would prefer to litigate the issues in the circuit court. We disagree. An administrative hearing under Oregon law is in no sense a star chamber proceeding and any procedural irregularities are subject to judicial scrutiny on review. Where the law provides for initial determination in the administrative agency, a writ of mandamus is not available as a vehicle to transfer jurisdiction to the circuit court. *Cf. School District No. 1, Mult. Co. v. Nilsen*, 262 Or 559, 572, 499 P2d 1309 (1972).

█ Petitioner had "a plain, speedy and adequate remedy in the ordinary course of the law," ORS 34.110, by way of judicial review of the administrative hearing, but chose not to avail herself of it. Therefore, judgment against petitioner was properly entered and that judgment is affirmed.