Argued and submitted September 1, peremptory writ to issue November 3, 1994

STATE ex rel Randall ANDERSON,
Personal Representative of the
Estate of Gloria M. Anderson, Deceased,
*Plaintiff-Relator,*

*v.*

Rodney W. MILLER,
Circuit Court Judge of the
Circuit Court of the State of Oregon
for the County of Marion,
*Defendant.*

(SC S40959*)

882 P2d 1109

---

* Relating to CC 93C11038.

Richard A. Lane, Portland, argued the cause and filed the brief on behalf of plaintiff-relator.

Lindsey H. Hughes, Portland, argued the cause on behalf of defendant. With her on the brief was Lin Harmon-Walker, Portland.

UNIS, J.

**UNIS, J.**

Plaintiff-relator (Anderson) seeks a writ of mandamus ordering defendant, a circuit court judge, to vacate a protective order issued in an underlying civil action, in which Anderson is the plaintiff. Pursuant to ORCP 39 C(1), Anderson gave notice of his intention to take the deposition of the defendant (White) in the underlying action. The notice stated that Anderson intended to record that deposition, and all other depositions, by videotape pursuant to ORCP 39 C(4). White moved, pursuant to ORCP 36 C, for a protective order requiring that the deposition be recorded stenographically only and that videotape not be used. After a hearing, defendant issued an order granting White's motion.[1] Anderson then filed this mandamus proceeding. We now direct that a peremptory writ of mandamus shall issue ordering defendant to vacate the protective order.

ORCP 39 C(4) allows a party to record a deposition by non-stenographic means:

> "The notice of deposition required under subsection (1) of this section may provide that the testimony be recorded by other than stenographic means, in which event the notice shall designate the manner of recording and preserving the deposition. A court may require that the deposition be taken by stenographic means if necessary to assure that the recording be accurate."

Non-stenographic means includes videotape and any other recording device capable of producing a permanent and accurate record. *See* Council on Court Procedures, Staff Comment to ORCP 39 (1978), *reprinted in* Kloppenberg, Oregon Rules of Civil Procedure: 1994 Handbook 112-13 (1994) (so stating).

Anderson argues that a party is entitled to videotape a deposition as a matter of right under ORCP 39 C(4) and that, under that rule, the trial judge lacks the discretion to

---

[1] Salem Hospital, which is not a party in the underlying civil action, joined White's motion because Anderson served a similar notice of deposition on one of its employees, a nurse. Defendant's protective order applied to the deposition of the nurse in addition to the deposition of White. Both depositions are at issue in this mandamus proceeding.

order otherwise. Defendant[2] asserts in response that, under ORCP 39 C(4), a trial judge has inherent discretion to permit or deny the videotaping of depositions. For the reasons that follow, we agree with Anderson.

■      The text of ORCP 39 C(4) clearly provides that a party is entitled to record a deposition by "other than stenographic means." Although the last sentence of ORCP 39 C(4) provides that "[a] court may require that the deposition be taken by stenographic means if necessary to assure that the recording be accurate," that sentence gives the trial court discretion, when necessary to ensure accuracy, only *to order stenographic recording* of a deposition. Nothing in ORCP 39 C(4) authorizes the trial court to *prohibit the videotaping* of a deposition. That is, ORCP 39 C(4) gives a party the *right* to videotape a deposition and does not vest in the trial court discretion to deny a party that right.

2.      Defendant also argues that, apart from ORCP 39 C(4), a trial court has discretion under ORCP 36 C[3] to prohibit videotaping of depositions. ORCP 36 C provides that the trial court may, "for good cause shown," make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "that discovery may be had only by a method other than that selected by the party seeking

---

[2] Pursuant to ORS 34.130(4) defendant is represented by the lawyers for White, the defendant in the underlying case.

[3] ORCP 36 C provides in part:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or (9) that to prevent hardship the party requesting discovery pay to the other party reasonable expenses incurred in attending the deposition or otherwise responding to the request for discovery."

discovery." We agree with defendant that ORCP 36 C vests discretion in the trial court to issue an order denying videotaping of a deposition, but only if the order is justified by the standards set forth in that rule.

■      In the underlying case, White offered three arguments under ORCP 36 C as to why defendant should exercise his discretion to issue a protective order: (1) videotaping the depositions was not necessary; (2) videotaping the depositions was to be done for the purpose of intimidating and harassing the deponents; and (3) using the videotape as the official record of all the depositions would make for significant logistic difficulties in using the depositions in a fair and appropriate manner in any trial. At the conclusion of the hearing, defendant gave the following explanation for his issuance of the protective order prohibiting videotaping the depositions:

> "So it gets down, in my judgment, to what really are you doing and what is the purpose of discovery and then what's the most problem free and what is going to enhance the flow of trial. And I am extremely concerned about that. Because when we go ahead and set things for trial, we have to live within those frameworks.

> "I think I have indicated to you that — well, I think, because I wasn't there, the [judicial assistant] read my notes, that, in my judgment, when you do all this in preparing for trial and evaluating your case, you take depositions to evaluate the opposing party or the witness. You want to look at them and see what they look like. And I can see, now, if there's a video — maybe the witness comes in in a pair of jeans and a flannel shirt and boots. And some of them come from the job. But you're going to really have to clean these people up, put them through the carwash, get their hair cut and be prepared to be on film. I can see this as involving more time and more expense.

> "You also want to evaluate opposing counsel. If you're old lawyers, like [Salem Hospital's counsel] claims he is, having known [Anderson's counsel] for years, you've evaluated him. You can still do that. You get your information and you commit witnesses to this at the same time. So you can do all that. You can do it with less trouble.

> "But is there something else in this? Is there something in the world of practicing that's happened since I was doing [it] that you want, nervous tics, some sweating? I don't know

what it is that makes it so important when you can meet the needs of discovery by doing it with the court reporter.

"So — and, then, under ORS 45.250(1)(a) and (b), that's use of depositions, I just see that we can wind up in court with awkwardness, time-consuming use of that. And it may be that that really doesn't turn out to be a problem.

"And I have no doubt that with your experience[, Anderson's counsel], you've got a style and technique and you're efficient and know what to do and you know how to edit. Maybe I'm just seeing a lot of things that really aren't problems.

"But, based on that, *I don't think it's necessary to do the video*. And I will allow the protective order." (Emphasis added.)

■     The trial court's ruling fails to demonstrate that the protective order was issued to protect White from "annoyance, embarrassment, oppression, or undue burden or expense," ORCP 36 C. Moreover, the record contains no factual basis to support a ruling based on intimidation or harassment. Although defendant does appear to have been concerned with the burden or expense that might result if the parties sought to introduce the videotaped deposition at trial, the burden or expense of using the deposition *at trial* is not a proper consideration under ORCP 36 C, which addresses the burden and expense of *discovery*. Moreover, nothing suggests that defendant's concern was based on any particularized burden with respect to White, as distinct from a generalized distaste for videotaped depositions.

■     Defendant's comments suggest that he granted White's motion for a protective order because Anderson did not demonstrate that videotaping the depositions was "necessary." Nothing in ORCP 36 C or ORCP 39 C(4) requires a party to show necessity before recording a deposition by videotape. Defendant appears to have been concerned with the wisdom of permitting videotaping of depositions as a matter of course. To that extent, defendant's ruling was based on his own view of the policy underlying such a rule. The policy choice regarding non-stenographic depositions has already been made by the legislature in ORCP 39 C(4). Defendant has no authority to contravene that choice, except on the basis of one of the specific factors identified by the legislature in ORCP 36 C.

■ In summary, a party has a right to videotape a deposition, unless the videotaping would result in annoyance, embarrassment, harassment, oppression, or undue burden or expense to the party or deponent opposing the videotaping. On the record before defendant, he could not have found that videotaping of depositions would result in annoyance, embarrassment, harassment, oppression, or undue burden or expense to the deponents. Accordingly, defendant's reasons were insufficient, as a matter of law, to permit the exercise of discretion under ORCP 36 C, and defendant erred in issuing the protective order.

■ Defendant argues that, even if he did err in issuing the protective order (as we hold that he did), mandamus is not appropriate because Anderson has an adequate remedy at law on appeal. For the reasons that follow, we disagree.

■ Under ORS 34.110, a writ of mandamus "shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." An adequate remedy is one that affords "any and all relief to which the relator is entitled." *State ex rel Hupp etc. Corp. v. Kanzler*, 129 Or 85, 97, 276 P2d 273 (1929).

■ Appeal is ordinarily an adequate remedy for a discovery violation:

> "Any claim of prejudice arising from a denial of discovery is reviewable on direct appeal. This is to be distinguished from a discovery order which erroneously requires disclosure of privileged communications, or which requires disclosure by a party (*e.g.*, the state) which has no post-trial appeal from an adverse judgment. Those cases are distinguishable in that relators suffered an irretrievable loss of information and tactical advantage which could not be restored to them on direct appeal." *State ex rel Automotive Emporium v. Murchison*, 289 Or 265, 268-69, 611 P2d 1169 (1980) (citations and footnote omitted).

Mandamus may nevertheless be appropriate when direct appeal will not sufficiently serve to vindicate a party's rights with regard to discovery:

> "If final judgment was entered for the defendant and the plaintiff appealed and assigned as error the trial court's discovery orders, the trial court's ruling, whether incorrect or not, probably would not be reversible. This court could not

determine whether the trial court's rulings, erroneous or not, were prejudicial to the plaintiff and, therefore, its rulings could not constitute reversible error. For this reason review by appeal after final judgment rather than by mandamus would not be adequate." *Nielson v. Bryson*, 257 Or 179, 191, 477 P2d 714 (1970) (Denecke, J., specially concurring).

In summary, "[d]irect appeal is an adequate remedy unless the relator would suffer a special loss beyond the burden of litigation." *State ex rel Automotive Emporium v. Murchison, supra,* 289 Or at 269.

ORCP 39 C(4) creates a right to non-stenographic depositions, subject to certain limitations not applicable here. The use of videotaped depositions can have a subtle, yet significant, impact at trial:

"Use of tape recorders, video tape, and similar devices may facilitate less expensive procedures. They have a further advantage in that the finder of fact at trial often will gain greater insight from the manner in which an answer is delivered and recorded by audio-visual devices. Moreover, a recording, video tape, or a motion picture of a deposition will avoid the tedium that is produced when counsel read lengthy depositions into evidence at trial." 8 Wright & Miller, Federal Practice and Procedure 426, § 2115 (1970) (footnotes omitted).

An appellate court would have difficulty assessing what different impact a videotaped deposition may have had on a jury. Furthermore, in cases in which the videotape would not have been introduced at trial, the impact of the denial of videotaping would be even harder to discern. The legislature has created a right to videotape a deposition because that discovery method is economical, convenient, and efficient. The advantages of videotaped depositions that the legislature has allowed are unique and serve to vindicate systemic rights that do not factor in to reversible error on appeal. Being denied the right to videotape a deposition is, therefore, a "special loss beyond the burden of litigation," *State ex rel Automotive Emporium v. Murchison, supra,* 289 Or at 269.

In this case, Anderson has no adequate remedy in the ordinary course of law. Although defendant's protective order is assignable as error on appeal, that error probably would not

be reversible; therefore, direct appeal will not serve to vindicate Anderson's rights under ORCP 39 C(4).

■ ■ We caution, however, that not every pretrial discovery order is subject to mandamus. Many pretrial discovery errors do not have systemic implications and can be remedied on appeal. Moreover, mandamus does not lie to control judicial discretion. ORS 34.110. Many discovery orders are discretionary, and mandamus is available only to review for an abuse of that discretion. *See State ex rel Keisling v. Norblad*, 317 Or 615, 623, 860 P2d 241 (1993) (court may consider on mandamus whether a trial court's actions are outside the permissible range of discretionary choices open to the trial court). Nevertheless, due to the unique circumstances in this case, and the clear error on the part of defendant, we conclude that mandamus does lie to correct defendant's error. Accordingly, we direct that a peremptory writ of mandamus shall issue directing defendant to vacate the protective order disallowing the videotaping of the depositions in the underlying action.

Peremptory writ to issue.