pin this medical malpractice case defendants seek supervisory writs from a trial court order permitting plaintiff to take videotape depositions of the defendant doctors by plaintiffs office personnel or staff.
At the appointed time for the taking of the deposition, according to the defendants, they discovered that plaintiff intended to have one of plaintiffs office employee’s video the deposition. In addition to the video a court reporter was present as in any other deposition.
Defendants’ objected to the taking of a videotape by a plaintiff employee and insisted that the deposition be taped by a disinterested professional videographer. A motion for a protective order followed, and the matter was heard by the trial judge.
The judge, at the conclusion of the hearing, permitted plaintiff to go forward with the taking of the deposition by the plaintiff attorney’s secretary and indicated that defense counsel “... has the right to do the same thing if they choose to. Each party will bear the expenses of the video recording if they choose to have it done.”
Non-stenographic recordation of deposition is governed by La.C.C.P. art. 1440. This article after prescribing the notice requirements states, “... shall include 12other provisions to assure that the recorded testimony will be accurate and trustworthy.” [emphasis added] When a proposed videotaped deposition is taken without a court order a certified shorthand reporter must be present unless waived by all parties.
Defendants point out, in this application, that audio problems, picture quality and angles of a non-profession T videographer could very well affect the objectivity of the deposition. Fear also of manipulation of the tape or non-objective editing of the video deposition could impair the “accurate and trustworthy” taking and use of the videotape of the deposition.
The plaintiff-respondent, on the other hand, contends that by allowing the defendants to provide a videotape of their own adequate safeguards are afforded.
We reject the respondent’s argument. It is clear that the Code of Civil Procedure article points out that accuracy and trustworthiness of the videotaped deposition must be provided for. In any non-videotaped deposition, a certified stenographic reporter is required in order to protect the objectivity and validity as well as the accuracy and trustworthiness of the transcribed deposition. It would be inconsistent to provide for a certified professional reporter to be used when transcribing and not to require that a professional videographer be used in a videotaped deposition.
Furthermore, it is plaintiffs request to take the deposition. It is her responsibility to provide for objectivity and trustworthiness as well as the accuracy of the statements of the deposed party. It is indeed not defendants’ deposition in the instant case. It is unreasonable to require the opposing party to incur the expense of a videotape of its own.
*812 We conclude that a party seeking a deposition, if desirous of using a videotape of that deposition, shall provide a disinterested professional videographer to take the deposition.
^Accordingly, this matter is remanded to the trial court to allow the parties to proceed consistent with the views expressed herein-above.