**Shank v. Newman**

C.P. of Lancaster County, no. CI-04-01227.

*Terry S. Hyman,* for plaintiffs.
*Andrew H. Briggs,* for defendant Newman.
*John F.X. Monaghan,* for defendant Elizabethtown Family Health Center.

ASHWORTH, *J.,* November 9, 2004—Plaintiffs have filed a motion to compel the videotape deposition of defendant Miles G. Newman D.O. For the reasons set forth below, this motion will be granted.

## I. BACKGROUND

This is a medical malpractice action against Newman and Elizabethtown Family Health Center arising out of the failure to diagnose colon cancer in plaintiff Todd H. Shank. In the complaint, plaintiffs aver that Todd Shank relied on Newman for medical care since Todd was 18 years old. (See complaint at ¶¶5, 6.) On multiple occasions during his life, Todd advised Newman that his mother had died at a young age from colon cancer. (See complaint at ¶¶6, 7, 11.)

On one visit in 1998, Todd Shank came to defendant Newman specifically with gastrointestinal problems and blood in his stool. (See complaint at ¶7.) Newman did not, however, order or refer Todd Shank for a colonoscopy at that time. (See complaint at ¶10.) Instead, he performed a flexible sigmoidoscopy which does not visualize the upper colon or the juncture of the colon with

the cecum. (See complaint at ¶¶8, 9.) Based upon the results of that test, Newman advised Shank he was cancer-free. (See complaint at ¶10.)

In September 2002, Todd Shank again complained to Newman of blood in his stool and stomach cramps. (See complaint at ¶11.) Newman made a diagnosis of gastroenteritis and limited his diagnostic testing to taking stool samples. (See complaint at ¶12.) When the stool tests came back normal, defendant Newman took no further action. He neither referred Shank for a colonoscopy nor advised him to get one. (See complaint at ¶13.)

In July 2003, Shank returned with complaints of diarrhea, cramps and vomiting. (See complaint at ¶14.) Finally, Newman ordered a colonoscopy. *(Id.)* Shank's cancer was found. Specifically, the "colonoscopy located a very large tumor at the ileocecal juncture." (See complaint at ¶16.) Moreover, the cancer had metastasized outside of the tumor. (See complaint at ¶¶21, 23.)

This failure-to-diagnose action was commenced by Todd Shank and his wife, Julie Shank, on February 11, 2004. Defendants have denied they were negligent in the care and treatment of Todd Shank. (See answer and new matter of defendants.) Moreover, defendants claim that the treatment they provided was in accordance with applicable standards of medical care at the time and place of treatment. (See answer and new matter of defendants at ¶41.) Included in defendants' new matter were numerous affirmative defenses to the claims made by plaintiffs. (See answer and new matter of defendants.) The pleadings are now closed and discovery is ongoing.

After a year of extensive chemotherapy, Todd Shank died of colon cancer on October 18, 2004, at the age of 36.

## II. DISCUSSION

Pursuant to Pa.R.C.P. 4017.1,[1] plaintiffs gave notice of their intention to take the deposition of the defendant physician in this case. The notice stated that plaintiffs intended to record that deposition by videotape and by stenographic transcript pursuant to Pa.R.C.P. 4017.1(a).

---

1. Pennsylvania Rule of Civil Procedure 4017.1 entitled "videotape depositions" provides as follows:

"(a) Any deposition to be taken upon oral deposition may be recorded by videotape without a stenographic transcript. Except as otherwise provided by this rule, the *rules of this chapter* governing the practice and procedure in depositions and discovery shall apply.

"(b) Every notice or subpoena for the taking of a videotape deposition shall state that it is to be videotaped, the name and address of the person whose deposition is to be taken, the name and address of the person before whom it is to be taken, and the name and address of the videotape operator and of his employer. The operator may be an employee of the attorney taking the deposition.

"(c) The deposition shall begin by the operator stating on camera (1) his name and address, (2) the name and address of his employer, (3) the date, time and place of the deposition, (4) the caption of the case, (5) the name of the witness, and (6) the party on whose behalf the deposition is being taken. The officer before whom the deposition is taken shall then identify himself and swear the witness on camera. At the conclusion of the deposition the operator shall state on camera that the deposition is concluded. When the length of the deposition requires the use of more than one tape, the end of each tape and the beginning of each succeeding tape shall be announced on camera by the operator.

"(d) The deposition shall be timed by a digital clock on camera which shall show continually each hour, minute and second of each tape of the deposition.

"(e) No signature of the witness shall be required.

"(f) The attorney for the party taking the deposition shall take custody of and be responsible for the safeguarding of the videotape and shall permit the viewing of and shall provide a copy of the videotape or the audio portion thereof upon the request and at the cost of a party.

By letter dated September 8, 2004, Dr. Newman objected to the discovery deposition being videotaped. Plaintiffs brought this matter to the court in the form of a motion to compel. Oral argument was held on October 29, 2004. Defendant physician seeks a protective order pursuant to Pa.R.C.P. 4011(b) requiring that the deposition be recorded stenographically only and that videotape not be used.

Rule 4017.1(a) of the Pennsylvania Rules of Civil Procedure provides that "[a]ny deposition taken upon oral examination may be recorded by videotape." Pa.R.C.P. 4017.1(a). As with all discovery, however, the use of a videotape deposition is still subject to the limitations of an order of protection to prevent abuse. Rule 4011(b) provides in pertinent part: "No discovery or deposition shall be permitted which . . . would cause unreasonable annoyance, embarrassment, oppression, burden, or expense to the deponent or any other person or party. . . ." Pa.R.C.P 4011(b). Thus, the courts have been given wide discretion to preclude or appropriately limit the use of any particular disclosure device where it determines that the use of that device would cause unreasonable annoyance, embarrassment, openness, burden or expense.

In this case, defendant argues he is entitled to an order of protection because "it is obvious that plaintiffs' mo-

"(g) In addition to the uses permitted by Rule 4020 a videotape deposition of a medical witness or any witness called as an expert, other than a party, may be used at trial for any purpose whether or not the witness is available to testify.

"(h) At a trial or hearing that part of the audio portion of a videotape deposition which is offered in evidence and admitted, or which is excluded on objection, shall be transcribed in the same manner as the testimony of other witnesses. The videotape shall be marked as an exhibit and shall remain in the custody of the court."

tive in videotaping Dr. Newman's discovery deposition is solely for the purpose of placing undue stress and trauma on Dr. Newman during his deposition." See defendant's response to plaintiffs' motion to compel at ¶11. Significantly, this issue of videotaping depositions has not generated an extensive body of Pennsylvania case law. Although multiple jurisdictions in this Commonwealth have entered orders authorizing videotape depositions, no appellate court has made a pronouncement on this specific issue of whether a plaintiff may, over the objections of the defendant, conduct the defendant's deposition by videotape rather than by regular stenographic means pursuant to Rule 4017.1(a), and only one court of common pleas has issued an opinion.

The sole discussion is by the Honorable Anthony J. Wettick of the Allegheny County Court of Common Pleas in the case of *Tillett v. Shento,* 131 P.L.J. 297 (1982). In *Tillet,* the plaintiff served the defendant a notice that he wished to videotape the defendant's discovery deposition. The defendant was neither aged, nor in ill-health, nor was there any reason to anticipate that the defendant would not be present at trial. While recognizing that Rule 4017.1(a) permits oral depositions to be recorded by videotape, the Allegheny County court held that, as with all discovery procedures, the provisions of Rule 4017.1 are subject to the restrictions of Rule 4011, which precludes discovery that would cause unreasonable annoyance or burden. *Id.* at 297.

On the facts of the case, Judge Wettick stated that absent "a showing of a special need to record an oral deposition by videotape, we hold that the videotaping of a deposition for discovery purposes only will cause un-

reasonable annoyance, burden and expense." *Id.* The court reasoned:

"Already the costs of discovery are burdensome and create difficulties for parties without substantial resources. If oral depositions may be recorded by videotape as a matter of course, litigation expenses will be substantially increased and parties who cannot afford a copy of the videotape recording will be placed at a tactical disadvantage.

"Also, an oral deposition subjects the less sophisticated deponents to greater stress and emotional discomfort. . . ." *Id.* at 297-98.

He concluded: "[B]y promulgating Rule 4017.1(a), it was not the Supreme Court's intention to permit videotaped depositions to be taken for discovery purposes only as a matter of course."[2] *Id.* at 298.

I would suggest that the rationale for this 1982 decision has eroded with age. Twenty-five years ago, the cost of videotaping a deposition may have been burdensome to parties with limited resources but with the advances in technology over these last two decades we have also seen the costs associated with that technology significantly decrease. What began as an experiment by the Supreme Court of Pennsylvania in 1973 has become a discovery standard throughout this jurisdiction and throughout the country. See Pa.R.C.P. 4017.1, explanatory comment—1978.

---

2. In a footnote following the quoted text above, Judge Wettick noted, "[t]his opinion does not apply to a videotape deposition of a medical witness or any witness called as an expert because these depositions may be used at trial, even if the witness is able to testify (Pa.R.C.P. 4017.1(g))." *Id.* at 298.

Plaintiff's counsel has provided the court with several orders from surrounding counties that have enforced notice of videotape depositions of defendant physicians in medical malpractice actions despite objections by the physicians' counsel. See *Hall v. Mercy Health System of Southeastern Pennsylvania,* no. 03-8260, Delaware County (Sept. 8, 2004, Burr, J.); *Layser v. Malamed M.D.,* no. 03-23984, Montgomery County (August 18, 2004, Albright, J.); *Fotiou v. Morris,* no. 004294-2001, Philadelphia County (March 26, 2002, Quinones Alejandro, J.); *Murphy-Fallon v. Hospital of the University of Pennsylvania,* no. 3835-2001, Philadelphia County (March 12, 2002, Quinones Alejandro, J.).[3] See also, *Zbegner v. Munley,* no. 01-CIV-2601, Lackawanna County (August 17, 2004, Mazzoni, J.) (videotape deposition of defen-

3. Defense counsel argues strenuously against this court's consideration of the rulings on this matter by other common pleas judges throughout the Commonwealth. Regrettably, defense counsel failed to mention in his response to plaintiffs' motion to compel the fact that precisely two weeks previous to the oral argument in this case, the exact same issue was considered and rejected by this same court in the matter of *Schaum v. Lancaster General Hospital,* no. CI-03-10008, Lancaster Cty. (October 4, 2004, Ashworth, J.). In *Schaum,* defense counsel Briggs moved for a protective order to preclude the plaintiff from videotaping the discovery deposition of the defendant physician and filed a response which closely mirrors the response filed in the instant case. This court entered an order denying the motion for protective order. Now, as then, I decline to apply Judge Wettick's analysis to the facts of this case. My concern, however, is for defense counsel's obligation of candor to the court given the fact that had another judge of this court heard this matter, he or she would not necessarily have been aware of the recent *Schaum* decision. (See Rule 3.3(a)(3) of the Rules of Professional Conduct which provides in pertinent part: "A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

dant attorney authorized by court). The only published Pennsylvania opinion on this issue, however, continues to be the 1982 opinion by Judge Wettick in *Tillet.* For this reason, I have turned to other jurisdictions for guidance.

The Supreme Court of Nassau County, New York, addressed the identical issue in the 1992 medical malpractice case of *Roche v. Udell,* 588 N.Y.S.2d 76 (1992). In *Roche,* the court identified the issue as "whether plaintiff may, over the vehement objections of the defendant doctors, conduct their depositions by videotape rather than by regular stenographic means pursuant to CPLR 3113(b)," which was amended in 1977 to provide that deposition "testimony shall be recorded by stenographic or other means. . . ." The defendant physician argued that a protective order was justified because of "his availability to testify personally at trial" and because "the presence of a video camera would affect his ability to testify openly and accurately." *Id.* at 77. The plaintiff vigorously opposed the application for a protective order and argued that "she should not be precluded from availing herself of this superior technology simply because defendants are somewhat camera shy and/or uncomfortable about the prospect of testifying before a video camera. Further, that in relying upon such flimsy excuses, these defendants either ignore or fail to perceive that they are simply insufficient to overcome a legislative mandate and long-standing policy that videotapes are favored and encouraged." *Id.* at 78.

Noting a "dearth of applicable reported trial or appellate court decisions, current reports or studies as to videotaped depositions" in the New York jurisdiction and others, the New York court looked to the statute which

unequivocally gives a plaintiff the "statutory right, notwithstanding a bashful witness, to employ this methodology, at her expense, provided she complies with the procedural mandates" of the statute. *Id.* at 80. The court held that "although frequently used to perpetuate the testimony of ill or non-resident witnesses, neither court permission nor a showing of 'special circumstances' is required" for a videotaped deposition of a defendant doctor. *Id.* In conclusion, the court noted:

"It is time to accept the fact that, unlike Judges' Chambers where the original Underwood typewriters have only begun to be replaced, even the average 'country lawyer's' office is comparable to a mini-Kennedy Space Center with all of its state of the art computers, word processors, faxes, Lexis and now, the latest in video equipment. Thus, suffice it to say, video depositions are here to stay for, surer than death or taxes, lawyers like to play with new toys." *Id.* at 81.

The New York Appellate Court confirmed this analysis in *Jones v. Maples,* 691 N.Y.S.2d 429 (1999), when it held that: (1) the Rules of Civil Procedure "freely permit a party taking a deposition to record it on videotape"; (2) "[t]here is no requirement to show special need"; and (3) "videotaping may be employed over the objections of a bashful or reluctant witness." *Id.* at 431.

A similar result was reached by the Supreme Court of Oregon in the matter of *Anderson v. Miller,* 320 Or. 316, 882 P.2d 1109 (1994). In *Anderson,* the plaintiff gave notice of his intention to take the videotape deposition of the defendant pursuant to Rule 39(C)(4) of the Oregon Rules of Civil Procedure, which allows a party to record a deposition by non-stenographic means: "The notice of deposition . . . may provide that the testimony be recorded by

other than stenographic means. . . . " The staff comment to Rule 39 (1978) notes that "non-stenographic" includes videotape and any other recording device capable of producing a permanent and accurate record.

The defendant moved for a protective order requiring that the deposition be recorded stenographically only and that videotape not be used. The trial court granted the motion. On appeal, the Supreme Court reversed, holding that a party is entitled to videotape a deposition as a matter of right under the deposition discovery rule and that, under that rule, the trial judge lacks the discretion to deny a party that right. *Id.* at 319, 882 P.2d at 1111. The court did recognize, however, that the discovery rules do vest discretion in the trial court to issue an order denying the videotaping of a deposition, but only if justice requires it to protect a person from unreasonable annoyance, embarrassment, oppression, or undue burden or expense. *Id.* at 319-20, 882 P.2d at 1111.

The appellate court found that the protective order prohibiting the videotaping of the deposition was unauthorized because the record before the trial court did not support a finding that videotaping the deposition would result in unreasonable annoyance, embarrassment, harassment, oppression, or undue burden or expense to the deponent. Accordingly, the defendant's reasons were insufficient, as a matter of law, to permit the exercise of discretion and the trial court erred in issuing the protective order. *Id.* at 322, 882 P.2d at 1112.

The appellate court in Louisiana similarly addressed the issue of videotape depositions in the matter of *Brigsten v. Southern Baptist Hospital,* 690 So.2d 810 (1996). In this medical malpractice action, the defendant physicians appealed the trial court order permitting the

plaintiff to take the videotape depositions of the defendant physicians by the plaintiff's office personnel or staff. The court authorized the videotape deposition pursuant to art. 1440 of the Code of Civil Procedure ("A videotaped deposition may be taken and used without court order just as any other deposition.") but ruled that a disinterested professional videographer must be utilized to assure that the recorded testimony will be accurate and trustworthy. *Id.* at 811.

Pennsylvania Rule of Civil Procedure 4017.1 entitled, "videotape depositions," reflects a recognition by the Supreme Court of the beneficial effect new technologies can have on traditional litigation practices and procedures. When Pennsylvania adopted this rule in April 1973, it was one of the first states to authorize videotape depositions.[4] See Pa.R.C.P. 4017.1, explanatory com-

---

4. Most states now have similar discovery rules. See for example, Alabama R.C.P. 30(b)(4) ("The testimony at a deposition may be recorded on videotape, or by other equivalent technologies, in addition to the stenographic record."); Florida R.C.P. 1.310(4) ("Any deposition may be recorded by videotape without leave of court or stipulation of the parties. . . ."); Louisiana Statutes Annotated Code of Civil Procedure (LSA-C.C.P.) art. 1440 ("The testimony at a deposition may be recorded by other than stenographic means, . . . . A videotaped deposition may be taken and used without court order just as any other deposition."); New York Ct. Rules, §202.15 ("depositions authorized under the provisions of the Civil Practice Law and Rules or other law may be taken . . . by means of simultaneous audio and visual electronic recording, . . . ."); Oregon Civ.P. 39(c)(4) ("The notice of deposition . . . may provide that the testimony be recorded by *other than stenographic means,* in which event the notice shall designate the means of recording and preserving the deposition. . . .") (emphasis added); W.Va. R.C.P. 30(b)(4) ("The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-video, or stenographic means, . . . ." ).

ment—1978. As evidenced by the cases discussed above, the use of videotape depositions for discovery purposes expanded through the last two decades of the 20th Century and into the 21st Century. What was the exception in 1982 with videotape deposition is now the norm. For these reasons, I decline to apply the discovery rule as pronounced in *Tillet* in 1982.

Today, *Tillet* appears to represent a minority view.[5] Whereas *Tillet* requires a showing of "special needs" to rebut the presumption that videotaping of a deposition for discovery purposes only will cause unreasonable annoyance, burden, and expense, most jurisdictions facing this issue have found that a party is entitled to videotape a deposition as a matter of right and that the trial judge lacks the discretion to deny a party that right, except where justice requires it to protect a person from unreasonable annoyance, embarrassment, oppression, or undue burden or expense.[6]

---

5. Indeed, while this court would not presume to second-guess the learned Judge Wettick on whether he would conclude otherwise should the issue present itself today, I am constrained to observe that much of the rationale for my esteemed colleague's ruling back in 1982 is no longer a concern. What was once an expensive burden has now become commonplace.

6. This approach is consistent with the 1993 amendment to Fed.R.C.P. 30(b)(4), the federal counterpart to Pennsylvania's Rule 4017.1. The old Rule 30(b)(4) stated: "The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. . . ." *Milwaukee Concrete Studios v. Greeley Ornamental Concrete Prods. Inc.,* 140 F.R.D. 373, 380 (E.D. Wis. 1991) (citing 1991 version of Fed.R.C.P. 30(b)(4)). The new language in Rule 30(b)(4) states: "If the deposition is recorded other than stenographically, . . . ." Thus, parties no longer need to obtain leave of court. They may videotape depositions at their own discretion. The Advisory Committee notes accompanying the 1993 amendment explain the change:

In this day and age, I simply cannot apply the *Tillet* standard which defendant Newman urges. Accordingly, I find that neither court permission nor a showing of "special needs" is required for a videotape deposition of a party for discovery purposes only. Nor will boilerplate allegations of "emotional discomfort," "undue stress" and "increased trauma" constitute a good faith basis for refusing the videotaping of a discovery deposition. For as our brethren from the Supreme Court of Nassau County, New York, so aptly wrote in 1992, "video depositions are here to stay for, surer than death or taxes, lawyers like to play with new toys."[7]

## III. CONCLUSION

For the reasons set forth above, plaintiffs' motion to compel the videotape deposition of Miles G. Newman D.O. is hereby granted. Accordingly, I enter the following:

## ORDER

And now, November 9, 2004, upon consideration of plaintiffs' motion to compel defendant Newman's re-

---

"The primary change in subdivision (b) is that parties will be authorized to record deposition testimony by non-stenographic means without first having to obtain permission of the court or agreement from other counsel. . . . New paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain court approval for one taken other than stenographically. . . ." Notes of Advisory Committee on Rules, 1993 Amendment. The new federal rule allows the parties the option of videotaping a deposition.

7. I would venture to guess, however, that 10 years from now, videotape depositions will be an outdated discovery tool and some new technological "toy" will be the subject of an attorney's motion for protective order before this court.

sponse thereto, and oral argument of counsel, it is hereby ordered that said motion is granted. It is further ordered that plaintiffs are permitted to take the videotape deposition of defendant Miles G. Newman D.O., scheduled for November 11, 2004, at 11 a.m.