IN THE OREGON TAX COURT
REGULAR DIVISION

Joseph GALL
and Darlene Gall,
*Plaintiffs*,

*v.*

DEPARTMENT OF REVENUE,
*Defendant*.

(TC 4725)

Joseph and Darlene Gall, Plaintiffs (taxpayers) appeared *pro se*.

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the Motion to Dismiss for Defendant (the department).

Decision for Defendant rendered June 16, 2005.

## HENRY C. BREITHAUPT, Judge.

Plaintiffs (taxpayers) initially filed a document entitled a "Complaint" in this division. On page five of that document, taxpayers requested that "the COURT issue a Writ of Mandamus directing the Department of Revenue to respect The CONSTITUTION OF THE UNITED STATES, The BILL OF RIGHTS, The Oregon Constitution and Oregon Law." The Defendant Department of Revenue (the department) responded to that document by filing a Motion to Dismiss. This matter comes before the court on those submissions.

Taxpayers' underlying dispute is founded on a belief that the county assessor incorrectly valued their manufactured structure for property taxation purposes. Taxpayers initially appealed to the Board of Property Tax Appeals (BOPTA). Their hearing before BOPTA occurred on March 1, 2005, and they received the BOPTA ruling shortly thereafter. Apparently in response to that ruling, taxpayers filed their "Complaint" in this division.

■ The department requests this court to dismiss taxpayers' "Complaint" because, under ORS 309.110(7),[1] taxpayers must file an appeal from a BOPTA ruling in the Magistrate Division, and because none of the TCR 1 exceptions to that general rule apply in this case. To the extent that the document that taxpayers filed in this division may be considered an appeal from a BOPTA ruling, the department's objection is well taken. The court notes, however, that, although taxpayers filed a document entitled as a "Complaint," they actually request this court to issue a writ of mandamus. A mandamus proceeding would properly be brought initially in this division of the Tax Court. Tax Court Rule (TCR) 1 C(1)(b).

---

[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

To the extent that the document filed by taxpayers is a petition for a writ of mandamus, the court must deny that petition. As a threshold matter, the document filed by taxpayers does not conform with the procedural requirements attendant to a writ of mandamus as outlined in ORS chapter 34. Notwithstanding those procedural requirements, taxpayers' petition also fails substantively.

As this court has stated, "[m]andamus is an extraordinary remedy." *State ex rel D.R. Johnson Lumber Co. v. Dept. of Rev.*, 14 OTR 186, 190 (1997). Pursuant to ORS chapter 34, this court has discretion to issue a writ of mandamus in certain circumstances arising under the tax laws of this state. ORS 34.110 expressly provides, however, that "[t]he writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." An additional issue presented by this matter is whether such a remedy existed at the time taxpayers filed their "Complaint" in this division. The court concludes that taxpayers' ordinary right of appeal from a BOPTA ruling to the Magistrate Division of this court was such a remedy.[2]

As the Oregon Supreme Court has stated, "[a]n adequate remedy is one that affords 'any and all relief to which the relator is entitled.' " *State ex rel Anderson v. Miller*, 320 Or 316, 322, 882 P2d 1109 (1994) (quoting *State ex rel Hupp etc. Corp. v. Kanzler*, 129 Or 85, 97, 276 P2d 273 (1929)) (discussing "adequate remedy" in the discovery context). In that case, the Supreme Court noted that direct appeal—in that case from the circuit court to the Court of Appeals—is ordinarily an adequate remedy. *Id.* The court went on to note, however, that direct appeal would not be an adequate remedy if "the relator would suffer a special loss beyond the burden of litigation." *Id.* at 323 (quoting *State ex rel Automotive Emporium v. Murchison*, 289 Or 265, 269, 611 P2d 1169 (1980)).

Here the same reasoning applies. If a taxpayer desires to challenge a BOPTA ruling, the taxpayer could have

---

[2] The analysis of the availability of an adequate remedy is made as of the time the taxpayer chose to proceed by mandamus rather than by the statutorily prescribed method of appeal from BOPTA to the Magistrate Division. *See Phillips v. Layman*, 15 Or App 107, 514 P2d 1352 (1973).

appealed that determination to the Magistrate Division. That appeal would have provided "any and all relief to which the [taxpayer] is entitled." *Miller*, 320 Or at 322. Moreover, the taxpayer would not have suffered "a special loss beyond the burden of litigation" by pursuing such an appeal. *Id.* at 323. To the extent that the document filed by taxpayers is a petition for a writ of mandamus, therefore, the court concludes that it may not issue such a writ in this case.[3] Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted; and

IT IS FURTHER ORDERED that Plaintiffs' petition for writ of mandamus is denied.

---

[3] The court further notes that taxpayer's request for a writ directing compliance with governing statutes and constitutions would not be granted for the reason that it is inappropriate and unnecessary for a court to require an agency to comply with statutes and constitutions. It is not the role of courts to order compliance with law. The role of the court is to provide a remedy where a failure to comply has occurred and a remedy has been provided.