376                   June 4, 2026                   No. 29

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Adverse Party,*

*v.*

DAVID AYON-URBANO,
*Defendant-Relator.*

DAVID AYON-URBANO,
*Plaintiff-Relator,*

*v.*

META PLATFORMS, INC.,
*Defendant-Adverse Party.*

(CC 24CR31979; 24CN05648) (SC S072084)

Original proceeding in mandamus.*

Argued and submitted May 5, 2026.

Rian Peck, Visible Law LLC, Portland, argued the cause and filed the briefs for relator. Also on the briefs were Zachary J. Stern, Zachary J. Stern PC, Salem, and Ginger G. Mooney, Ginger G. Mooney LC, Hood River.

Leigh A. Salmon, Assistant Attorney General, Salem, argued the cause and filed the brief for plaintiff-adverse party State of Oregon. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Sarah J. Crooks, Perkins Coie LLP, Portland, argued the cause and filed the briefs for defendant-adverse party Meta Platforms, Inc. Also on the brief were Julia E. Markley and Colin Lubelczyk, and Joshua Patashnik, *pro hac vice*, Perkins Coie LLP, San Diego, California.

_____

* On petition for writ of mandamus from an order of the Marion County Circuit Court, Jennifer K. Gardiner, Judge.

Daniel C. Silberman, Salem, filed the brief for *amici curiae* Oregon Criminal Defense Lawyers Association, Legal Aid Society, Bronx Defenders, Appellate Advocates, Brooklyn Defender Services, California Attorneys for Criminal Justice, California Public Defender Association, Center for Appellate Litigation, Federal Defenders of New York, Forensic Evidence Table, Innocence Project, National Association for Criminal Defense Lawyers, Neighborhood Defender Service, New Jersey Office of the Public Defender, New York County Defender Services, New York State Defenders Association, New York Office of the Appellate Defender, Salt-Lake Legal Defender Organization, and San Diego County Public Defender's Office.

Lindsey Burrows, Burrows Appellate Law LLC, Portland, filed the brief for *amici curiae* Law Professors, including Dean Erwin Chemerinsky, UC Berkeley School of Law, Professor Rebecca Wexler, Columbia Law School, and Chesa Boudin, Executive Director, Criminal Law & Justice Center, UC Berkely School of Law.

Scott E. Bradford, United States Attorney, District of Oregon, Portland, filed the brief for *amicus curiae* the United States. Also on the brief were A. Tysen Duva, Assistant Attorney General, Josh A. Goldfoot, Deputy Assistant Attorney General, and Nathan Judish, Attorney Computer Crime and Intellectual Property Section Criminal Division.

Margaret Garvin, Portland, National Crime Victim Law Institute, filed the brief for *amici curiae* National Crime Victim Law Institute and Oregon Crime Victims Law Center. Also on the brief was Stephanie Scheno, and Emily La Brecque, Portland, Oregon Crime Victims Law Center.

Before Flynn, Chief Justice, and Duncan, DeHoog, Bushong, James and Masih, Justices.**

PER CURIAM

The alternative writ of mandamus is dismissed.

_____

** Garrett, J., did not participate in the consideration or decision of this case.

## PER CURIAM

"'Mandamus is an extraordinary remedy and serves a limited function.'" *HotChalk Inc. v. Lutheran Church—Missouri Synod*, 372 Or 249, 255, 548 P3d 812 (2024) (quoting *Lindell v. Kalugin*, 353 Or 338, 347, 297 P3d 1266 (2013) (internal quotation marks omitted)). This court has broad discretion to decide whether to issue a writ of mandamus directed to a circuit court. Or Const, Art VII (Amended), §2 (providing original jurisdiction in mandamus); ORS 34.110.[1] The mandamus petition in this case raises important issues of state and federal statutory and constitutional law arising pretrial during an ongoing criminal prosecution on serious charges, including a charge of second-degree murder. However, upon consideration, the court declines to issue a peremptory writ of mandamus on this record at this time.

In his mandamus petition, relator contends that mandamus relief is necessary because the trial court's order quashing a subpoena for production of records, which relator had served pretrial on a third party, Meta Platforms, Inc. (Meta), with the trial court's approval, violates his right to compulsory process protected by Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. In response, Meta argues, among other things, that production of the records at issue is barred by the federal Stored Communications Act (SCA), 18 USC §§ 2702, 2703. Relator responds that, if the SCA precludes him from obtaining those records by subpoena pretrial, then the SCA itself violates the compulsory process clauses of the state and federal constitutions. We allowed the petition for writ of mandamus to resolve that important constitutional issue.

The court appreciates the efforts of the parties and the *amici* to brief and argue that issue in an expedited fashion. We note, however, that, despite the seriousness of

---

[1] ORS 34.110 provides in part:

"A writ of mandamus may be issued to any inferior court *** to compel the performance of an act which the law specially enjoins ***; but though the writ may require such court *** to exercise judgment, or proceed to the discharge of any functions, it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

the charges and the important constitutional principles at stake, we are ultimately being asked to resolve these significant and consequential issues on a limited record during an ongoing criminal prosecution.

In the context of civil discovery disputes, this court has explained that relief from a ruling denying discovery can be pursued through the ordinary trial and appeal processes, making it less likely that we will exercise our discretion to address the ruling on mandamus. *See HotChalk*, 372 Or at 257 ("'[D]irect appeal is an adequate remedy unless the relator would suffer a special loss beyond the burden of litigation by being forced to trial.'" (Quoting *State ex rel Automotive Emporium v. Murchison*, 289 Or 265, 269, 611 P2d 1169 (1980))).

In *HotChalk*, the court cited examples of cases involving such "special losses," in which this court had issued writs of mandamus to resolve issues of pretrial discovery. Those cases included *State ex rel Anderson v. Miller*, 320 Or 316, 882 P2d 1109 (1994) (appeal was not a sufficient remedy where the trial court had denied the relator's request to record a deposition via videotape), and *Gwin v. Lynn*, 344 Or 65, 176 P3d 1249 (2008) (appeal not a sufficient remedy where trial court denied the plaintiff the right to depose an expert witness who also was a fact witness). In *HotChalk*, on the other hand, we declined to resolve the issues raised on mandamus because the relator in that case had not "persuaded us that the general rule of *Murchison*— that 'any claim of prejudice arising from a denial of discovery is reviewable on direct appeal'—[was] not applicable." 372 Or at 259.

In this case, relator has not explained why our approach to civil discovery disputes in cases like *HotChalk* and *Murchison* should not apply here, where records are sought on behalf of a criminal defendant pursuant to the defendant's compulsory process rights. Rather, seeking to satisfy the "special loss" requirement of those cases, relator claims that he will experience a "special loss" that cannot be addressed on direct appeal because there is a possibility that the records he seeks could be lost, altered, or deleted before this case is finally resolved. However, Meta

has represented to the court that it will preserve the records at issue until the final resolution of this case, including any appeals and through requests for post-conviction relief. The court accepts and will hold Meta to that representation. The court also understands that defendant has commenced the process of procuring the information through alternative means after the filing of this mandamus petition, and that process may yet involve further requests for relief from the trial court. Thus, although relator has argued that the evidence he requested from Meta is at risk of destruction, we are not persuaded that relator has established a "special loss" at this point in the proceeding to justify the exercise of our discretion to resolve the issues raised in his mandamus petition.

In addition, we observe that the parties and *amici* have identified a range of issues that have not been presented to or addressed by the trial court, at least some of which could prevent us from reaching the issue whether relator has a clear constitutional right to the subpoenaed records.[2]

For those reasons, and upon consideration of the arguments raised by the mandamus petition on this record in the context of the ongoing prosecution, we decline to resolve those questions in mandamus at this time. Nothing in our decision today forecloses relator's right to file a future mandamus petition in this case, addressing the same issues relating to a subpoena for production of records, at a later date or stage of the litigation.

The alternative writ of mandamus is dismissed.

---

[2] Those issues, on which we express no opinion, include whether relator's subpoena is procedurally enforceable, whether the scope of relator's request was broader than necessary and thereby fails to accommodate the account-holders' privacy interests, whether the parties' assumptions in the trial court about what the SCA prohibits are correct, whether other procedures are available to obtain sufficiently comparable information, and what remedy the Oregon Constitution may permit given federal preemption principles.