IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

CASCADE DOOR/WINDOW & CONST. )
CO., )
                         )
        Plaintiff, )    TC-MD 110589N
                         )
   v. )
                         )
DEPARTMENT OF REVENUE, )
State of Oregon, )
                         )
        Defendant. )    **DECISION**

Plaintiff appealed Defendant's Notice of Deficiency Assessment for the 2009 tax year. A trial was held by telephone on January 9, 2012. Ann M. Holvey, owner of Plaintiff, appeared on behalf of Plaintiff. George Holvey (Holvey) testified on behalf of Plaintiff. Douglas Kilbride (Kilbride), Tax Auditor, appeared and testified on behalf of Defendant. Plaintiff filed exhibits with the court on January 5, 2012. Plaintiff's exhibits A through F, with the exception of Exhibit F-3, are copies of Defendant's exhibits. Plaintiff included written "answers" to Defendant's exhibits. Plaintiff's remaining exhibits are labeled E-1 through E-7, E-32 through E-37, E-54 through E-59, C-44 through C-53, 1 through 17, 31 through 43, and 51, 52, 55, 56.[1] Plaintiff did not send copies of its exhibits to Defendant, as required by Tax Court Rule-Magistrate Division (TCR-MD) 10 C, which states in part: "Each party *shall* provide the court *and the other parties* with copies of all exhibits to be introduced into evidence in support of that party's case." (Emphasis added.) Nevertheless, Defendant did not object to Plaintiff's exhibits. To comply with TCR-MD 10 C, Plaintiff agreed to send copies of its exhibits to Defendant following trial.

---

[1] Plaintiff's exhibit labels do not comply with TCR-MD 10 B. Furthermore, Plaintiff submitted multiple copies of some exhibits and used the same exhibit label (Exhibit E) to refer to multiple exhibits.

After reviewing Plaintiff's exhibits, Defendant filed written closing arguments on February 10, 2012. Plaintiff filed written closing arguments on February 27, 2012, and February 28, 2012.[2] Defendant's Exhibits A, B, C, D, E, and F were offered and received without objection.

## I. STATEMENT OF FACTS

Plaintiff's federal Form 1120 corporation income tax return for tax year 2009 reported gross receipts of $778,500. (Def's Ex A-3.) Plaintiff filed an Oregon Form 20 corporation excise tax return, reporting Plaintiff's 2009 minimum tax to be $150. (*Id.* at A-2.) Kilbride testified that under ORS 317.090 (2009), effective for the 2009 tax year, Plaintiff's 2009 minimum tax due is $500.

Kilbride testified that Plaintiff's 2009 income tax returns were filed correctly with the exception of the calculation of Oregon minimum tax due. He testified that, in 2009, three parcels of real property identified as lots 8, 9, and 10 at "High Pass Meadows" were transferred from Plaintiff to Emerald Finance, LLC, via estoppel deeds dated February 27, 2009, and recorded March 2, 2009. (Def's Ex C-1 through C-6.) Holvey testified that Plaintiff never received Form 1099-C from Emerald Finance. Plaintiff argues that "without the 1099C forms on lots 8, 9, [and] 10 * * * a gain or a loss cannot be applied in this matter." (Ptf's Ltr at 3, Jan 3, 2012.) Plaintiff signed the estoppel deeds on February 27, 2009, relieving Plaintiff of $838,713.62 in mortgage debt and transferring ownership of lots 8, 9, and 10 to Emerald Finance. (Def's Ex C-1 through C-6.) The estoppel deeds were recorded on March 2, 2009. (*Id.*)

Holvey testified that Plaintiff is subject to $150 in minimum tax due because "no business was conducted in the 2009 with no receipts because of inactive status at State of Oregon

---

[2] With its written closing arguments, Plaintiff included new documents that were not previously submitted with Plaintiff's exhibits exchanged prior to trial. The additional documents included with Plaintiff's written closing arguments were not timely exchanged under TCR-MD 10 C and are excluded.

Construction Contractors Board, 3-12-09." (Ptf's Ltr at 1, Jan 3, 2012.) As support, Plaintiff provided a "Request for Inactive License Status" form for the Construction Contractors Board. (Ptf's Ex 6.) Holvey testified that the $20 check for the request form fee was paid on March 12, 2009. A printout from the Oregon Secretary of State Corporation Division website dated "09-07-2011" states that Plaintiff's status was inactive and states "Administrative Dissolution" on "01-07-2011." (Def's Ex B-1, B-2.) Kilbride testified that Plaintiff was engaged in business activity until March 2009, noting that it petitioned to have property taxes reduced on lots 8, 9, and 10 for the 2008-09 tax year. (*See* Def's Response at 1.)

Plaintiff contends that its 2009 corporation income tax returns were incorrect. Holvey testified that Plaintiff filed amended federal and Oregon tax returns on June 9, 2011. (*See* Ptf's Ex 3.) Holvey testified that, as of the date of trial, he did not know if the Internal Revenue Service (IRS) had accepted Plaintiff's amended federal return.

## II. ANALYSIS

At issue before the court is the amount of Plaintiff's corporate minimum tax for the 2009 tax year under ORS 317.090 (2009).[3] ORS 317.090(2) states in pertinent part:

> "Each corporation or affiliated group of corporations filing a return under ORS 317.710 shall pay annually to the state, for the privilege of carrying on or doing business by it within this state, a minimum tax as follows:
>
> "(a) If Oregon sales properly reported on a return are:
>
>> "(A) Less than $500,000, the minimum tax is $150.
>>
>> "(B) $500,000 or more, but less than $1 million, the minimum tax is $500."

/ / /

---

[3] All references to the Oregon Revised Statutes (ORS) are to 2007 unless otherwise noted. The 2009 amendments to ORS 317.010 are applicable for tax years "beginning on or after January 1, 2009." Or Laws 2009, ch 745, §4.

ORS 314.610(7) defines "sales" as "all gross receipts of the taxpayer not allocated under ORS 314.615 to 314.645." Plaintiff bears the burden of proof and must establish its case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). When the "evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990)

A.      *Plaintiff's 2009 minimum tax based on self-reported gross receipts*

Defendant calculated Plaintiff's minimum tax liability under ORS 317.090(2) to be $500 for the 2009 tax year because, on federal Form 1120 corporation income tax return for 2009, Plaintiff reported gross receipts of $778,500. Under ORS 317.090(2), corporations with "Oregon sales properly reported" between $500,000 and $1 million have a minimum tax liability of $500. Based on Plaintiff's self-reported gross receipts of $778,500, Defendant correctly determined Plaintiff's 2009 corporate minimum tax to be $500.

B.      *Plaintiff's request to amend its 2009 returns*

Holvey testified that Plaintiff filed amended 2009 income tax returns with both the IRS and Oregon; he testified that he does not know if the amended return was accepted by the IRS.[4] Plaintiff seeks to amend its 2009 income tax returns, reporting "no receipts because of inactive status at State of Oregon Construction Contractors Board, 3-12-09." (Ptf's Answer to Def's Exs A-1, A-2, A-3.) In essence, Plaintiff argues that it was not in business in 2009 and, therefore, does not owe the minimum tax. Additionally, Plaintiff argues that it is not required to report cancellation of debt because Emerald Finance never issued to Plaintiff a Form 1099-C. (*Id.*)

---

[4] There is no evidence that the IRS accepted Plaintiff's 2009 amended federal return and Defendant is not bound to accept the information entered on Plaintiff's amended federal return. *See Detrick v. Dept. of Rev.*, 311 Or 152, 156 n2, 806 P2d 682 (1991); *see also* ORS 314.380 (requiring a taxpayer to report any change in its tax liability when an original or amended return is "accepted" by the IRS).

First, Plaintiff argues that it is not liable for the 2009 corporate minimum tax because it was not in business in 2009.[5] Defendant disagrees, arguing that Plaintiff performed business activity until at least March 2009, and "Plaintiff is required to report a cancellation of debt by means of a deed in lieu of foreclosure." (Def's Resp to Ptf's Tr Exs at 2.) A corporation is required to report receipts up to its date of dissolution under ORS 317.190.[6] The Oregon Secretary of State records indicate that Plaintiff was not dissolved until January 2011. The evidence presented does not support Plaintiff's position, but rather indicates that Plaintiff was engaged in business activities in 2009. Plaintiff appealed the real market values of lots 8, 9, and 10 for the tax year 2008-09 to the Lane County Board of Property Tax Appeals. Plaintiff did not file its request for inactive status with the Construction Contractors Board until March 2009. Those activities indicate that Plaintiff continued to engage in business activities in 2009.

Second, Plaintiff argues that, "without the 1099C forms on lots 8, 9, [and] 10, * * * a gain or a loss cannot be applied in this matter." (Ptf's Ans to Def's Exs C-1, C-2, C-3.) "A transfer of property by deed in lieu of foreclosure constitutes a 'sale or exchange' for Federal income tax purposes." *Lowry v. Commissioner*, 86 TCM (CCH) 198, WL 21752430 at *4 (2003), *citing Allan v. Comm'r*, 86 TC 655, 659 (1986), *aff'd* 856 F2d 1169, 1172 (8th Cir 1988). "The determination of whether a discharge of indebtedness has occurred for tax purposes is extremely fact specific, often turning on the subjective intent of the creditor as manifested by an

---

[5] Plaintiff takes a new position in its written closing arguments, conceding that Plaintiff was in business in 2009, but arguing that its corporate minimum tax liability under ORS 317.090(2) was $150 for the 2009 tax year.

[6] ORS 317.190 provides:

"[I]n the case of the dissolution of a taxpayer, gains, profits, and income are to be returned for the tax year in which they are received by the taxpayer * * *. If a taxpayer is dissolved, there shall also be included in computing Oregon taxable income of the taxpayer for the taxable period in which it is dissolved *amounts accrued up to the date of dissolution * * *.*"

(Emphasis added.)

objectively identifiable event." *Owens v. Commissioner*, 84 TCM (CCH) 419, WL 31194556 at

*4 (2002). Issuance of a Form 1099-C is "evidence of an intention to cancel the loan," but is

"not dispositive." *Id.* Thus, Plaintiff must report cancellation of debt income regardless of

whether Emerald Finance provided Plaintiff with Form 1099-C.

## III. CONCLUSION

After careful consideration of the evidence and testimony presented, the court finds that

Defendant correctly determined Plaintiff's 2009 Oregon corporate minimum tax to be $500

under ORS 317.090(2)(a) based on Plaintiff's self-reported gross receipts of $778,500. There is

no evidence that Defendant's determination was incorrect. The court further finds that Plaintiff

has not presented any evidence that its 2009 tax returns should be amended. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of July 2012.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on July 17, 2012. The Court filed and entered this document on July 17, 2012.*